PETERSON, Appellant, vs. INDEPENDENT ORDER OF FORESTERS, Respondent.

*February 23—March 14, 1916.*

*Insurance: Mutual benefit societies: False statements in application: Avoiding policy: Remedies: When action may be brought.*

1. Representations by the assured in his application for membership in a fraternal benefit association, to the effect that he had suffered no injury and had no medical attendance within five years, were necessarily material to the risk, and substantial falsity therein avoided the contract of insurance, where the application and benefit certificate made such statements warranties and provided that the contract should be void if they were untrue.

2. A requirement in the constitution and by-laws of a fraternal benefit association, which were made a part of the contract of insurance, that remedies within the order shall be exhausted before action on death claims can be brought in the courts, is a valid contract provision.

3. Sec. 4202*m*, Stats.,—relating to representations or warranties contained in applications for insurance policies,—does not apply to fraternal or mutual benefit societies. Under sub. 9, sec. 1956, Stats., express reference must be made to such societies in a law of that nature in order to make it applicable to them.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action to recover a death benefit of $1,000 under the terms of a mortuary benefit certificate issued by the defendant, a Canadian fraternal association, upon the life of Peter E. Peterson, deceased, payable to the plaintiff, who was his widow.

The certificate was issued October 27, 1911, upon an application which stated, in reply to questions, that the applicant had not been treated "for diseases . . . or injuries" during the preceding five years and that he had suffered no injury. A further question in the application blank asking for the name and address of every physician who had attended or prescribed for the applicant within five years was left unanswered. The application warranted the truth of the representations made therein, made the application, as well as the constitution and by-laws of the association, part of the contract of insurance, and provided for avoidance of the contract in case of false answers in the application. The benefit certificate also contained provisions to the same effect. Peterson died October 3, 1912, of carcinoma of the stomach and liver. The proof of death filed by the plaintiff was accompanied by a statement of the attending physician in which it was stated, among other things, that said physician attended the deceased professionally about February, 1910, for about seven or eight weeks for "contusion of the chest, laceration of leg." This entire statement was adopted by the claimant and made part of her claim.

The constitution and by-laws of the order require the presentation of death claims to the chief ranger, and if rejected by him provision is made for appeals first to the executive council and from that body to the supreme court of

the order. It is further provided that the beneficiary shall exhaust all remedies within the order by appeal before he can resort to the courts.

In the present case the plaintiff submitted proofs of death to the chief ranger, who rejected the claim, whereupon the plaintiff immediately brought this action. The trial court directed a verdict for the defendant (1) because the deceased made a material and false representation in his application, and (2) because the plaintiff had not exhausted her remedy by appeal within the order. The plaintiff appeals from judgment on the verdict.

The cause was submitted for the appellant on the brief of *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and for the respondent on that of *Nohl & Nohl.*

WINSLOW, C. J. This judgment must be affirmed, because (1) the representations made by the assured in his application to the effect that he had suffered no injury and had no medical attendance within five years were not only warranties but they were necessarily material to the risk; they are shown by the proof of death to have been not merely nominally but substantially false, and this 'fact avoids the policy; (2) the provision that remedies within the order shall be exhausted before action can be brought in the courts is a valid contract provision. *McGowan v. Supreme Court I. O. F.* 104 Wis. 173, 80 N. W. 603; *Loeffler v. Modern Woodmen,* 100 Wis. 79, 75 N. W. 1012; 2 Bacon, Ben. Soc. (3d ed.) § 450a and cases cited; (3) sec. 4202m, Stats., relating to representations or warranties contained in applications for insurance policies, does not apply to the present case, because under sub. 9, sec. 1956, Stats., express reference must be made to fraternal benefit societies in a law of this nature in order to make the law applicable to them.

*By the Court.*—Judgment affirmed.