OLSON, Respondent, vs. HERMAN FARMERS MUTUAL INSURANCE COMPANY and others, Appellants.

*April 6—May 12, 1925.*

*Insurance: Misrepresentation avoiding policy: Failure to disclose all mortgages on property: Good faith of insurer: Risk not increased: Denial of liability by insurer: Interest.*

1. Sub. (1), sec. 209.06, Stats., providing that no oral or written statement, representation, or warranty made by the insured or in his behalf shall avoid an insurance policy unless false and made with intent to deceive, or the matter misrepresented or warranted increased the risk or contributed to the loss, must be construed with and as part of the contract. p. 18.

2. The evidence in this case is *held* to sustain a finding that the disclosure by the insured of only one of two mortgages on the insured property was not intended to deceive or defraud, so as to avoid the policy. p. 18.

3. Where a long and somewhat complicated application for insurance was hurriedly made in good faith, was incomplete when signed by the insured, and was afterwards filled out by the agent elsewhere, and the insured had no opportunity thereafter to read it before its acceptance by the insurer, the latter could not defeat recovery on the policy because the application disclosed only one of two mortgages on the insured property. p. 19.

4. Where an insurer denies liability, interest runs from the date of the fire, though the policy provides for payment of the loss sixty days after the filing of proofs of loss. p. 20.

APPEAL from a judgment of the circuit court for Dunn county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *John O'Meara* of Milwaukee.

For the respondent there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod.*

JONES, J. This is an action brought to recover upon an insurance policy issued to the plaintiff by the defendant companies. The plaintiff had arranged to mortgage his farm to the Beavers Reserve Fraternity in the sum of $9,000

and was required to take out fire insurance for the buildings. The agent of the insurance companies came out to see the plaintiff on November 18, 1922, for the purpose of obtaining the application for the policy in question. Because of the weather conditions the agent asked only a few questions, requested the plaintiff to sign the application, and then returned to the town of Menomonie, where he filled in the rest of the answers to the questions contained in the application. Among the questions was one as to the amount of the incumbrances on the premises, and the application shows as an answer a mortgage for $9,000 held by the Beavers Reserve Fraternity. The court found that in addition to the Beavers mortgage there was one for $5,600 at the date of the application. On April 21, 1923, fire destroyed the dwelling house of the plaintiff together with the furniture in it. The proof of loss was returned to the plaintiff and liability upon the policy denied by the companies upon the ground that the failure to disclose the additional incumbrance rendered the policy void, under the provision requiring full disclosure of all material facts and circumstances.

The plaintiff testified that the agent asked him what the amount of the Beavers mortgage was and that he told him; that he thought the agent was only interested in this one mortgage; that he did not read the application and signed it on the request of the agent before the answers to the questions were inserted. The brother of the plaintiff corroborated him in his testimony with respect to the request for information as to the Beavers mortgage and the fact that the agent asked the plaintiff to sign before the answers were all inserted in the application. The agent testified that he asked the plaintiff about the amount of incumbrances on the property and that he did not ask for the amount of the Beavers mortgage alone; that although he filled in some of the answers to questions after his return to Menomonie, he filled in the answers to the questions concerning the mortgage before the plaintiff signed the application.

A jury having been waived by the parties to the suit, the judge found that the agent of the insurance company made no inquiry about mortgages except with respect to the one held by the Beavers Reserve Fraternity and that the plaintiff did not know that the disclosure of other mortgages was required; that the plaintiff was a farmer unused to business methods, who trusted the agent, and that he had no intent to deceive or defraud the insurance companies in his application for insurance. The court then rendered judgment for the plaintiff for the recovery of $4,000 for the loss of the building and the stipulated loss of $420 for the personal property destroyed by the fire.

It is alleged in the answer that the misstatements in the application were known to be false by the plaintiff, that he concealed and misrepresented the facts, and that the policy was void for that reason. But in the brief little reliance is placed on the question of fraud, and for very good reasons. In addition to the findings already stated the trial court found that "There was no specific question in such application directed to any other mortgages, and from the question as to whether the loss was to be made payable to mortgagee, and the name and address of the mortgagee, all being in the singular, the applicant might easily be misled thereby even if the same had been read by such applicant." The statute then provided (sub. (1), sec. 209.06):

"No oral or written statement, representation, or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, or prevent its attaching unless such statement, representation, or warranty was false and made with actual intent to deceive or unless the matter misrepresented or made a warranty, increased the risk or contributed to the loss."

This statute was doubtless enacted to mitigate the harshness which sometimes ensued when erroneous statements had been made by the insured causing forfeitures because

they were warranties, although the statements were made in perfect good faith. Even before the enactment of this statute the courts often refused to declare forfeitures on account of inaccuracies in statements in the application for insurance where the real facts were known to the agent, or the mistake was his mistake, or was inserted on his own motion. *Redman v. Hartford F. Ins. Co.* 47 Wis. 89, 1 N. W. 393; *Parker v. Amazon Ins. Co.* 34 Wis. 363; *Dunbar v. Phenix Ins. Co.* 72 Wis. 492, 40 N. W. 386; *Mechler v. Phœnix Ins. Co.* 38 Wis. 665; *Fehrer v. Midland Cas. Co.* 179 Wis. 431, 190 N. W. 910; *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627, 48 N. W. 798; 26 Corp. Jur. 185, 309, 311; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, 42 N. W. 208. The statute already quoted must be construed with the contract and as a part of it. The finding of the trial court that there was no intent to deceive or defraud is sustained by the evidence, and the defense as to fraud on the part of the plaintiff is not well founded.

Counsel for the defendants relies chiefly on the claim that the misstatement as to the amount of the incumbrance increased the risk. It will be observed that the last lines of the statute, "or unless the matter misrepresented or made a warranty, increased the risk or contributed to the loss," are connected with what precedes by the disjunctive *"or."* In other words, it is probably the true construction of the statute that if the misrepresentation in an application regularly obtained increases the risk, that is sufficient to defeat recovery even if there is no actual intent to deceive. The trial court found that the value of the property insured was about $30,000 and that the value of the building insured for $4,000 and totally destroyed by fire was about $12,000, and the fact that there was another mortgage for $5,600 on the premises did not, under the circumstances, increase the risk nor contribute to the loss. We are asked to decide as a matter of law that the erroneous statement in the application increased the risk and contributed to the loss. There are numerous decisions of this court in which it has been

Olson v. Herman Farmers Mut. Ins. Co. 187 Wis. 15.

held that under the facts of these cases misstatements as to the amount of incumbrances were material and defeated recovery. The statute above quoted was enacted in 1921 and seems to have had little or no interpretation in this state. In other states where substantially the same statute is found it has been held that the question whether the risk has been increased is one for the jury. *Everson v. General A., F. & L. Assur. Corp.* 202 Mass. 169, 88 N. E. 658; *Levie v. Metropolitan L. Ins. Co.* 163 Mass. 117, 39 N. E. 792; *Johnson v. National F. Ins. Co.* 123 Minn. 453, 144 N. W. 218, and cases cited. For the most part these cases involve questions arising out of life insurance policies and representations as to former health of the insured, the attendance of a physician, and the like. Perhaps there is greater reason for holding that misstatements as to incumbrances should be held material as a matter of law, and it has long been so held, especially where they must be construed as warranties. In the present case the statements in the application were stated to be promissory warranties. But this part of the application was not known to the plaintiff. In legal effect it was as if he had signed an application in blank to be filled out by the agent. It is said in 2 Cooley on Insurance, p. 1409, "Where the statements as to incumbrances are representations only, or where there is a failure to disclose the existence of an incumbrance, good faith on the part of the insured will absolve him from the penalty ordinarily attached to misrepresentation or concealment." See cases cited. In the case before us, in view of the values of the property already stated and the amount of the insurance there seems some force in the conclusion of the trial court that the insurance would probably have been effected if the mortgage for $5,600 had been known to the defendants and that the risk was not increased by the fact that it was not known.

But we are disposed to base our decision upon another ground. The plaintiff testified that he was only asked about the Beavers mortgage and there was no inquiry as to any other. The attention of both parties was particularly directed

to this mortgage and no other. The plaintiff was a farmer unaccustomed to business of this kind. It is conceded that the application was hurriedly made, that it was incomplete when signed and filled out at another place by the agent, who in so doing must be regarded as the agent of the insurance company and not of the plaintiff. The plaintiff had no opportunity to read or understand the application before it was accepted by the company. There is every reason to believe, and the court found, that the plaintiff acted in good faith. Where insurance companies accept long and somewhat complicated applications made out in this slipshod manner they should not, on account of errors in the application, succeed in defeating recovery on policies entered into in good faith. *Parker v. Amazon Ins. Co.* 34 Wis. 363; *Dunbar v. Phenix Ins. Co.* 72 Wis. 492, 40 N. W. 386; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, 42 N. W. 208; *Fehrer v. Midland Cas. Co.* 179 Wis. 431, 190 N. W. 910.

Since the policy prescribed that the loss should be payable sixty days after proof of loss, it is claimed by counsel for the appellant that no interest should have been allowed until that time had expired. It was held by the trial court that since the defendants had denied all liability, interest should run from the date of the fire. We agree that the denial of liability waived this provision of the policy and that on such denial suit could have been commenced at once. *Home F. Ins. Co. v. Fallon,* 45 Neb. 554, 63 N. W. 860; *Hartford F. Ins. Co. v. Landfare,* 63 Neb. 559, 88 N. W. 779; *Hoffecker v. New Castle County Mut. Ins. Co.* 5 Houst. (Del.) 101; *Allegre v. Maryland Ins. Co.* 6 Har. & J. (Md.) 408; *State Ins. Co. v. Maackens,* 38 N. J. L. 564; *Williamsburg City F. Ins. Co. v. Cary,* 83 Ill. 453; *Cobb v. Ins. Co. of N. A.* 11 Kan. 93; *California Ins. Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577.

*By the Court.*—Judgment affirmed.