DEMIRJIAN, Respondent, vs. NEW YORK LIFE INSURANCE COMPANY, Appellant.

*April 8—May 12, 1931.*

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Bert Vandervelde,* all of Milwaukee.

*L. E. Vaudreuil* of Kenosha, for the respondent.

FOWLER, J.   The defendant claims that it is entitled to judgment because as matter of law under the evidence the false statements (1) were made with intent to deceive and (2) increased the risk.

(1) Two Wisconsin cases among others cited by defendant seem on their face to rule the case in its favor on the

proposition that the false statements were made with intent to deceive. *Monahan v. Mutual Life Ins. Co.* 192 Wis. 102, 212 N. W. 269, held that false statements of a school teacher that she was in good health, that the only illness she had had since childhood was tonsilitis, and that her weight had remained constant for years, were made with intent to deceive, notwithstanding the jury's finding to the contrary. In that case the applicant was a woman of intelligence and she had only a short time before been informed by a physician whom she had consulted that she was suffering from appendicitis and been advised to submit to an operation for removal of the appendix. It seems too plain for controversy that her false statements were made with intent to deceive. The other case is *Conklin v. New York Life Ins. Co.* 200 Wis. 94, 227 N. W. 251. Here also the insured was, as the opinion states, "undoubtedly a man of intelligence." It is contended by respondent that the instant case is distinguished from these cases because the insured was an uneducated man of low intelligence, and that this justified the jury in finding absence of intent to deceive. The appellant urges that there is no evidence to warrant the inference of want of education and intelligence, especially in view of the fact that the name of the insured is written in a fair hand. We would be of appellant's view but for a notation on the application for insurance made by the medical examiner who made the examination, as follows: "This party very indefinite on family history—does not seem to know much about them. He says his age is forty-nine or fifty which looks about correct—does not seem very positive about his answers to questions or does not fully understand what you mean in your questions to him." While there is no testimony as to the insured's ability to understand English, it is manifest from his name and his signature that whatever education he had was not in that language. This in connection with the doctor's statement above quoted leads us to believe that he may not have understood the questions put to him and that the jury's find-

ing was not unwarranted. We are of opinion that the answer of no intent to deceive should stand.

(2) But can the jury's finding that the ulcers of the stomach did not increase the risk be sustained? All the medical testimony there is upon the subject is to the effect that it does. It is undisputed that such ulcers although cured are likely to recur; that they are dangerous; that they are likely to eat through the stomach and cause its contents to enter the intestinal cavity and produce peritonitis. We are of opinion that they must necessarily increase the risk and that the insured's risk was increased as a matter of law.

Several Wisconsin cases support this view. In *McGowan v. Supreme Court of Independent Foresters*, 104 Wis. 173, 80 N. W. 603, it is said that "all of the questions as to the health or death, or age at death, of the ancestors or brothers and sisters of the deceased, were material to the risk as matter of law, and the court should have so declared." With stronger reason are questions as to the insured's own health previous to the application material to the risk. If questions material to the risk are answered falsely the risk is necessarily increased. *McKnelly v. Brotherhood of American Yeomen*, 160 Wis. 514, 152 N. W. 169, and *McGinty v. Brotherhood of Railway Trainmen*, 166 Wis. 83, 164 N. W. 249, are to like effect.

Respondent seeks to avoid this result by invoking sec. 209.06, Stats., paragraph (1) of which provides that no false statement in an application for insurance shall void a policy unless it is (1) made with intent to deceive or (2) increased the risk or (3) contributed to the loss. But although (1) and (3) be out of the case, (2) remains.

*By the Court.*—The judgment is reversed, with directions to dismiss the complaint.