KLINE, Respondent, vs. WASHINGTON NATIONAL INSURANCE COMPANY, Appellant.

*December 4, 1934—January 8, 1935.*

*Alexander Wiley* of Chippewa Falls, for the appellant.

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

FRITZ, J.   Under date of March 28, 1933, the defendant issued the policy in suit to plaintiff to insure against loss to

him as the result of disability due to accident and sickness. Plaintiff sustained loss within the coverage of the policy by reason of appendicitis, which resulted in disability, and necessitated medical treatment, including an operation. Defendant denied liability on several grounds.

(1) Plaintiff falsely answered "No" to a question in the printed application for the policy, which read:

"Have you been disabled by either accident or illness, or received medical or surgical attention during the last ten years?"

That false answer was written with plaintiff's knowledge by an assistant to defendant's agent when he solicited the writing of the insurance. However, plaintiff testified, in contradiction of the agent's testimony, that plaintiff had correctly informed the agent that within that ten-year period he had been disabled because of enteritis and an infected inguinal gland, but the agent had said that it was not necessary to mention those matters because that would but delay the issuance of the policy. On the resulting issue of fact, the jury found that the plaintiff had fully and truthfully informed the agent as to such prior illness; that the false answer was not made with intent to deceive; and that the matter misrepresented did not contribute to the loss, but that it did increase the risk.

As the matter misrepresented increased the risk, as the jury found, that misrepresentation, under sec. 209.06, Stats., is to be deemed material and to avoid the policy. *Demirjian v. New York Life Ins. Co.* 205 Wis. 71, 236 N. W. 566. However, the court rightly concluded that, as plaintiff had fully informed the defendant's agent as to the prior illness and medical attention, and the latter had said that it was not necessary to mention that illness, the agent's knowledge as to that illness and the falsity of the written answer was to be considered the knowledge of the defendant, by virtue of sec. 203.13 (1), Stats.; and that because of that section, that

constructive knowledge on the part of the defendant defeated the right to claim that the policy was void because of that false answer. Although plaintiff, by virtue of a subsequent affirmative answer to another question in the application, agreed that—

"the company is not bound by any knowledge of or statements made by or to any agent unless written hereon,"

·and that the right to recovery shall be barred if any statement in the application material to the acceptance of the risk or to the hazard is false, nevertheless, the provision in sec. 203.13 (1), Stats., controls, insofar as it is therein provided that—

"any fact which breaches a condition of the policy and is known to the agent when the policy is issued or the application made shall not void the policy or defeat a recovery thereon in the event of loss."

Since the trial, defendant contends that the rule prescribed by that section is not applicable because that false answer was written as the result of a conspiracy or collusion between the agent and the plaintiff to defraud the defendant. *Hanf v. Northwestern Masonic Aid Asso.* 76 Wis. 450, 45 N. W. 315; 32 C. J. pp. 1290, 1336, 1337; and 14 L. R. A. (N. S.) 280, 282, are cited in support of that contention. However, no question as to the existence of any such conspiracy or collusion was submitted to the jury. The evidence may have admitted of a finding to that effect, but it would also have warranted the jury in finding to the contrary, in view of such circumstances as that the plaintiff was not seeking the policy, but would have been entitled to a renewal of an existing policy issued by another insurer, and that (as the jury found) the false answer was not made with the intent to deceive. As the defendant did not request a finding by the jury on that issue when the court prepared the questions for the special verdict, and as the evidence admitted of a finding favorable to plaintiff, and the court ordered judgment in

plaintiff's favor, it must be deemed that that issue was determined by the court in conformity with the judgment. Sec. 270.28, Stats.; *Delfosse v. New Franken Oil Co.* 201 Wis. 401, 230 N. W. 31.

(2) After the special verdict had been prepared by the court, the defendant was permitted to amend its answer by alleging, as an additional defense, that, under provisions of the policy, it was agreed that—

"fraud, concealment or false swearing in attempting to secure indemnity shall invalidate any claim;"

that on August 8, 1933, plaintiff swore in his proof of claim "that he hadn't had any medical attendance during the past ten years; that he had not ever been afflicted by any illness or disease, all of which was false, as the plaintiff well knew;" and "that this false swearing voided" the policy. It is undisputed that in a proof of loss made by plaintiff under oath on August 8, 1933, he falsely answered that he had never before been subject to or afflicted with other illness, disease, infirmity, or weakness; and had not had any medical attendance or physician attending him during the past ten years. No agent of the defendant prompted or participated in any manner in the making of those wilfully false statements by the plaintiff. The only excuse, to which he testified, was that, when he made that false statement under oath, he still believed the agent's former statement that it was not necessary to mention his former illness and medical treatment. The court did not submit to the jury any question for the determination of any issue of fact in respect to the allegations which were added, as stated above, to the defendant's answer by amendment. Instead, the court held that, as the company had knowledge of the former illness, it was not deceived by those false answers in the proof of loss, and, as those answers "related to a subject which was no longer material to the insurance," the undisputed wilful false swearing and concealment in attempting to secure indemnity did not invalidate

plaintiff's claim, notwithstanding the express provision in the policy that fraud, concealment, or false swearing in attempting to secure indemnity shall invalidate any claim.

The court's conclusion in that respect was erroneous. In view of that provision in the policy, the decision in *Meyer v. Home Ins. Co.* 127 Wis. 293, 299, 106 N. W. 1087, controls, insofar as this court then said,—

"If there was false swearing within the meaning of the policy, it was immaterial whether plaintiffs derived any advantage to the prejudice of the defendants in consequence thereof or not. . . . The use of the words 'false swearing' in connection with the word 'fraud' plainly indicates that either fraud or false swearing was designed to have the effect of defeating the policy, regardless of the ultimate effect of the false swearing upon either party to the contract. False swearing, when knowingly and wilfully done with intent to defraud the insurer, avoids the policy regardless of the ultimate effect of such false swearing, and it is very plain that the word 'fraud' was used in connection with the words 'false swearing' so as to cover frauds otherwise than by false swearing. It is clear that if the words 'false swearing' be given their plain, ordinary meaning they cannot be held to mean that it was only 'false swearing' which worked an advantage to the insured to the prejudice or injury of the insurer in the adjustment and payment of the loss that can avoid the policy."

As was said in *F. Dohmen Co. (Limited) v. Niagara Fire Ins. Co.* 96 Wis. 38, 56, 71 N. W. 69,—

". . . any trick, artifice, or deception practiced with the object of securing some advantage in the adjustment or payment of a loss under a policy of insurance, to the prejudice of the insurer, and liable to have that effect, avoids the policy,"

regardless of the fact whether damages actually resulted to the insurance company. See also *Bannon v. Insurance Co. of North America,* 115 Wis. 250, 91 N. W. 666; *Fink v. La Crosse Mut. Fire Ins. Co.* 203 Wis. 350, 234 N. W. 339;

*Liberty Tea Co. v. La Salle Fire Ins. Co.* 206 Wis. 639, 238 N. W. 399.

In the case at bar, over six months had elapsed between the presentation of plaintiff's application on January 19, 1933, and his making of his proof of loss on August 8, 1933. Those were separate transactions and remote, in point of time, from each other. Although, under sec. 203.13 (1), Stats., the defendant was constructively charged with knowledge, at the time it accepted plaintiff's application, of the falsity of his answer in respect to former illness, in plaintiff's application, as written by defendant's agent, that agent had nothing whatsoever to do with the subsequent adjustment or payment of plaintiff's indemnity, or his deliberate false swearing in his proof of claim to obtain indemnity. The questions which the defendant was entitled to have the plaintiff answer in making his proof of loss, the defendant was then entitled to have the plaintiff answer truthfully, so as to then give the defendant true and correct information in respect to any former illness or medical treatment, regardless of any constructive knowledge which the defendant may have had theretofore, by virtue of the application of sec. 203.13 (1), Stats.

Plaintiff's intentional and wilful false swearing and concealment in his proof of loss on August 8, 1933, manifestly deprived defendant of then receiving information which it then regarded as material, and was then entitled to receive from plaintiff himself, so that it could then investigate plaintiff's claim with such truthful information as it then was entitled to have at hand in regard to the facts in that respect. Plaintiff's deliberate concealment and false swearing in his proof of loss undoubtedly tended to deceive the defendant, and to secure to the plaintiff such an advantage in his attempt to obtain indemnity that it invalidated his claim under the policy, by reason of the provision therein which expressly

prescribed that consequence in the event of such false swearing. Whether plaintiff in fact derived any advantage to the actual prejudice of defendant, in consequence of that false swearing, is, as was held in *Meyer v. Home Ins. Co., supra,* immaterial. Regardless of the ultimate actual effect in that respect, under such a provision in a policy, deliberate false swearing is intended to defeat the recovery of indemnity.

As it appears conclusively, under the evidence, that the false swearing in question was wilful, intentional, and in relation to material matters, and as, "where a representation is wilfully made with knowledge of its falsity, and with intent that it shall be acted upon, the necessary fraudulent intent will be inferred" (*Fink v. La Crosse Mut. Fire Ins. Co., supra,* p. 350), and the record admitted of no finding favorable to plaintiff in respect to the issues in the allegations made in the amendment to the defendant's answer, the abovementioned rule, which is prescribed by sec. 270.28, Stats., that it must be deemed that issues not submitted to the jury were determined by the court in conformity with the judgment rendered, is inapplicable as to the issues raised by that amendment. On the contrary, in view of the record, the finding on those issues would, as a matter of law, have to be in favor of the defendant, and, upon a finding which should have been made to that effect, the false swearing should have been held to invalidate the plaintiff's claim for indemnity under the policy.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.