SPRAY, Respondent, vs. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Appellant.

*March 31—April 28, 1936.*

For the appellant there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Allan T. Pray*.

*J. C. Davis* of Hayward, for the respondent.

FRITZ, J. So far as is material on this appeal, it appears without dispute, and the court found that the plaintiff while on an automobile pleasure trip, on June 17, 1934, sustained injuries of such nature that he became entitled to recover $287.49 from the defendant as benefits under an insurance certificate, if that certificate was valid and in effect at the time of the accident. The certificate was issued to the plaintiff on May 16, 1934, by the defendant, a fraternal benefit society, pursuant to written application signed by the plaintiff on February 7, 1934, at Hayward, Wisconsin, at the solicitation of Wayne Milward, a member of defendant order. Milward, who was acquainted with the plaintiff and his business activities, read the questions in the application blank to the plaintiff and inserted his answers. Among them were the following:

"8. Whom do you represent? Myself.

"9. What business? Restaurant and tavern.

". . .

"12. In what capacity are you employed? Owner.

"13. State specifically the duties performed by you: Manager.

"14. Do you personally deliver? ~~No.~~ Yes."

In answer to question No. 14, Milward first wrote "No." However, upon plaintiff's explanation that, in connection with his wholesale beer business, he sold beer to taverns, etc., and occasionally delivered beer to night clubs, or others needing beer, as a courtesy service when his truck driver was not available, Milward drew a line through the answer "No," and in lieu thereof wrote "Yes."

Defendant contends: (1) That the plaintiff, in failing to state in his application that he was a wholesaler of beer, made a misrepresentation, misstatement, and concealment therein as to his occupation; (2) that misrepresentation,

concealment, or misstatement was made a warranty and increased the risk to the defendant, and rendered the policy void at its inception; and (3) that Milward was not an agent of the defendant so as to make his knowledge of plaintiff's wholesale beer business binding on it.

Upon the trial, the court found, and the evidence well warranted its finding, that at and between the time of plaintiff's application and the time of his injury, he conducted as owner and manager three kinds of business. He operated a restaurant and a tavern, and he was a wholesale dealer in beer. The restaurant and tavern were conducted in the same building at Hayward, Wisconsin, which was also used to store beer intended for wholesale and retail trade. The beer was hauled from a nearby city, on a truck operated by a driver employed by the plaintiff, and he sometimes accompanied the driver. Deliveries of beer to customers were usually made by the driver, but sometimes the plaintiff personally delivered small quantities to his customers by automobile, and occasionally by truck. He spent about two hours a day in the wholesale business. The hazard incident to his duties as a wholesale dealer was similar to that of a merchant who made deliveries and that of a traveling salesman. Plaintiff's statement in the application that he personally made deliveries was intended to relate to deliveries in the wholesale business. No false or incorrect statement is contained in the application, except that the answer to question No. 9 is incomplete in omitting the words "wholesale dealer." This omission was not made by the plaintiff with intent to deceive, and it did not increase the risk nor contribute to the loss.

The court further found that the mistake in omitting the occupation as a wholesaler of beer in the answer to question No. 9 was an innocent mistake of Milward's, who solicited the application upon blanks furnished him for that purpose by the officers of the supreme council of the defendant order, which paid him for such services at the rate of $1 for each new member secured; that Milward wrote the answers in the

application on information furnished by plaintiff, and was then informed that one of plaintiff's occupations was that of a wholesale dealer in beer; that the defendant is a mutual benefit society within the meaning of ch. 208, Stats., and although by reason of sec. 208.07, Stats., Milward was not a statutory agent of the defendant within the meaning of sec. 209.05, Stats., he was, nevertheless, when soliciting membership and preparing the application, an actual agent of the defendant employed by it, and received his authority direct from the defendant and not from the statute; and that, therefore, it would be unjust to permit the defendant to take advantage of such a mistake on the part of its own agent. Upon those findings, the court concluded that plaintiff was entitled to recover under the insurance certificate.

Defendant's contention that the insurance certificate was rendered void at its inception by reason of the omission to state in the application that plaintiff was also engaged in the wholesale beer business, which omission defendant contends resulted in a fraudulent misrepresentation or concealment as to a matter of warranty and which increased the risk, is based upon certain provisions in the application and certificate. Thus, it was provided in the application that each and all of the statements of facts therein were warranted by the applicant to be true; that any misstatements or concealment of any fact shall cause a forfeiture of his membership and insurance and of all rights to indemnity, and the recovery of anything whatsoever on account thereof; and that the applicant agrees to accept the certificate of membership and insurance issued upon his application, "subject to all the provisions, conditions and limitations of the constitution, laws, rules and regulations of said order. . . ." In the certificate it was provided that it, together with the constitution, by-laws, articles of incorporation, and the signed application shall constitute the contract between the order and the insured and shall govern the payment of benefits. And in the constitu-

tion it was provided that if any insured member made any misstatements, misrepresentations, or concealed any facts, or perpetrated any fraud in obtaining or regaining membership, insurance or indemnity in or from the order, such misstatement, misrepresentation, fraud, or concealment shall render null and void his certificate of insurance and all rights thereunder shall be forfeited.

However, all of those provisions in defendant's constitution, certificate, and form for application in relation to any statement, representation, or warranty by an insured are subordinate to and of no effect in so far as they are in conflict or inconsistent with sec. 209.06, Stats., which provides:

"(1) No oral or written statement, representation or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss.

"(2) . . .

"(3) This section applies to fraternal benefit societies."

In view of those provisions, which are expressly made applicable also to fraternal benefit societies, the omission to include the wholesale beer business in the plaintiff's answer to the question, "What business," cannot be deemed material or to defeat or avoid the insurance contract, unless the resulting "statement, representation or warranty" was, (1) false and made with intent to deceive; or (2) the matter misrepresented or made a warranty increased the risk; or (3) contributed to the loss. None of those conditions or consequences, prescribed by the statute as essential in order to defeat recovery under a policy, exist in this case; and the trial court rightly so found and concluded. That the alleged misrepresentation or concealment was not made with the intention to deceive, is certainly established by the undisputed fact that the plaintiff told Milward about his wholesale beer business,

and that the latter,—as well as the committee of three members of defendant's local council at Eau Claire, charged under its constitution with investigating the applicant's qualifications,—well knew that plaintiff was engaged in that business. Likewise, that engaging in that business did not increase the risk could properly be inferred from the fact that plaintiff's duties and actual work as such a wholesaler were but similar to those of a person who made deliveries, as a traveling salesman, or a wholesale dealer, or in any one of the several other similar occupations which the defendant listed on its printed cover of the application signed by plaintiff as "preferred risks" eligible to the type of insurance certificate issued to the plaintiff. Although such other eligible occupations could, of course, be carried on with or without dealing in beer, or making deliveries, the fact that neither of those activities was considered by the defendant to increase the risk so as to render an applicant ineligible as a preferred risk, is demonstrated by the defendant's failure to reject the plaintiff as such a risk, although he had duly stated in his application that he was engaged in the tavern business, and that he made deliveries personally. Likewise, as plaintiff's injuries were sustained at a time when he was on a pleasure trip,—not connected in any manner with his wholesale beer business or the making of deliveries therein,—the matter which defendant claims was misrepresented or made a warranty certainly did not contribute to the loss, or exist at the time thereof, so as to render inapplicable the provisions of sec. 209.06, Stats., which restrict the voiding effect of such a misrepresentation or breach of warranty to cases in which it did increase the risk at the time of the loss, or contributed thereto. It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.