**ALLSTATE INS. CO. v. MOLDEN-HAUER et al.**

**No. 10266.**

United States Court of Appeals
Seventh Circuit.

Jan. 24, 1952.

664

Charles Swidler and Herman A. Mosher, Milwaukee, Wis., for appellant.

Glenn R. Dougherty, Suel O. Arnold and James Buchbinder, all of Milwaukee, Wis., Dougherty, Arnold & Waters, Milwaukee, Wis., for appellee.

Before KERNER, DUFFY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff issued to one Moldenhauer an automobile liability insurance policy for bodily injury up to $10,000. The policy recites that it was issued in consideration of the payment of the premium and in reliance upon the statements in the Declarations contained in the application for the policy. The automobile thus insured collided with and injured defendant Martha Schultz, for which she claimed damages. In this action plaintiff, an Illinois corporation, filed its complaint under the Declaratory Judgments Act, 28 U.S.C.A. § 2201, seeking a declaratory judgment to the effect that it was under no duty or legal liability to defendants, residents and citizens of the State of Wisconsin, for the injuries suffered by Schultz.

The case was tried by the court without a jury. The trial judge found that prior to the issuance of the policy of insurance Moldenhauer had executed an application for insurance in which he declared that no insurer had ever cancelled any automobile insurance which it had issued to him, and that plaintiff had issued the policy involved herein upon the express warranty made by Moldenhauer that no insurer had ever cancelled any automobile insurance which had been issued to him. The court also found that prior to the issuance of plaintiff's policy Moldenhauer had been insured with the State Farm Mutual Insurance Company, which company had, before plaintiff issued its policy, notified Moldenhauer that it was cancelling his insurance, and he was informed that the State Farm policy was cancelled because of the number of small accidents in which he had been involved. Thus it clearly appears that Moldenhauer's declaration that no insurer had ever cancelled any automobile insurance which had been issued to him was false. Based on these findings, the court concluded that the policy was null and void because Moldenhauer had failed to disclose material facts which increased the risk. To reverse the judgment, defendant Schultz alone appeals.

In arguing for a reversal, appellant calls our attention to § 209.06 of the Wisconsin statutes, which provides that no statement,

representation or warranty shall void a policy unless it was (1) false and made with the intent to deceive, or (2) increased the risk, or (3) contributed to the loss. She insists that even though the representation was false, there was no evidence that it was made with intent to deceive or that it increased the risk.

Although the court made no finding that the false statement was made with intent to deceive, we think the evidence warranted a finding to that effect and that such a finding might well be implied here. However, in the view we take, we need not discuss that question. The problem before us is—has plaintiff established a misrepresentation of a fact that increased the risk?

■ The failure to tell the truth in a representation is fatal or not as it happens to be material or immaterial to the risk undertaken, hence, in our case, the question is —was the question and answer material to the risk? As already noted, it was expressly provided in the policy that the policy was issued in reliance upon the statements in the Declarations contained therein. There can be no doubt that when plaintiff propounded the question as to whether any insurer had cancelled any automobile insurance which had been issued to Moldenhauer, it was seeking information from which it could determine whether or not it would assume the risk and issue the policy.

■ The question of materiality is a question of fact to be determined by the trier of facts. Olson v. Herman Farmers' Mutual Ins. Co., 187 Wis. 15, 19, 203 N.W. 743. The test is not that the insurer was influenced, but that the fact, if truthfully stated, might reasonably have influenced the insurer in deciding whether it should reject or accept the risk. Compare Kline v. Washington National Ins. Co., 217 Wis. 21, 258 N. W. 370, and Spray v. Order of United Commercial Travelers of America, 221 Wis. 329, 267 N.W. 50. And the courts of Wisconsin have said that if a question material to the risk is answered falsely, the risk is necessarily increased. Demirjian v. New York Life Ins. Co., 205 Wis. 71, 74, 236 N. W. 566.

■ We have repeatedly said that a judgment may be reversed only if the findings of fact are clearly erroneous, and that a finding is not clearly erroneous if there is substantial evidence to support it. Here the court found as a fact, amply supported by the evidence, that Moldenhauer's failure to disclose that a prior insurer had cancelled his automobile insurance was a material fact which increased the risk. In such a situation the finding cannot be disturbed.

Appellant next contends that since plaintiff did not elect to declare the policy void until six months after the accident, which occurred on April 7, 1948, plaintiff waived its right to declare the policy void.

■ It appears that notice of the accident was given to plaintiff on or about April 8, and that on June 24 plaintiff notified Moldenhauer that it was investigating the accident under a reservation of rights and that by so doing it did not waive any of its rights under the policy, and that after the investigation, plaintiff filed its complaint on October 6, 1948. In this state of the record it cannot be said that plaintiff waived its right to declare the policy void. Wisconsin Transportation Co. v. Great Lakes Casualty Co., 241 Wis. 523, 6 N.W.2d 708. Moreover, the defense of waiver is an affirmative defense and must be pleaded. Tornello v. Deligiannis Brothers, 7 Cir., 180 F.2d 553. No such plea was filed here.

We have examined three other points made by appellant: That plaintiff, by requiring an executed questionnaire from its agent could not contend that it relied upon Moldenhauer's answer; that it violated § 85.09(5) of the Wisconsin statutes in that it failed to furnish to the Commissioner of Motor Vehicles of the State of Wisconsin a written notice that the policy was in effect at the time of the accident; and that because plaintiff had retained the premium for some time after the accident, there was an admission that the policy was in force. We find no merit in these contentions and see no need to discuss them.

Affirmed.