Martin, C. J.
 

 This action was before the court on a previous appeal,
 
 Polar Mfg. Co. v. Integrity Mut. Ins. Co.
 
 (1959),
 
 7
 
 Wis. (2d) 443, 96 N. W. (2d) 822, in which a new trial was ordered.
 

 On October 10, 1955, the Polar Manufacturing Company, by George Klement, its president, signed a written application for fire insurance on the buildings and personal property on one of its farms. Phillip Heistad, agent for the defendant, filled in the application form with the statements given him by Klement. The application contained the following:
 

 “(47) Has any company ever refused to write fire insurance or canceled fire insurance on this property or in the name of this applicant? No.”
 

 The policy was issued on October 13, 1955, and on September 7, 1956, a certain barn covered by the policy was destroyed by fire with a resulting loss of $25,110.
 

 
 *107
 
 The evidence showed the answer to question 47 was an inaccurate or erroneous statement. Plaintiff company previously had two policies of insurance covering this property with Shawano Mutual Insurance Company. In 1948, following a fire on the property, Shawano canceled its policies.
 

 Sec. 209.06 (1), Stats., provides:
 

 “No oral or written statement, representation, or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation, or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss.”
 

 Interpretation of the statute was involved on the first appeal and this court held (7 Wis. (2d) 443, 447) :
 

 “. . . we construe the statute to mean that if there is an inaccurate or erroneous statement in the application for insurance the court should first determine whether it is material. Erroneous or inaccurate statements might be made which had no materiality.
 

 “From the record in this case it is clear that the answer to question 47 was an inaccurate or erroneous statement. It follows that there might be three grounds for avoiding the policy: (1) If the statement was false and made with intent to deceive; (2) if the statement increased the risk; or (3) if the statement contributed to the loss. Therefore the special verdict should have inquired as to whether such statement was false and made with intent to deceive. Further inquiry should have been made as to whether or not the inaccurate statement increased the risk to the defendant company. The jury should have been instructed to answer the last question regardless of its answer to the first.”
 

 The only one of the three grounds pursued by defendant on the second trial was that of increase of the risk. The special verdict contained only two questions. The first, whether Element inaccurately or erroneously answered ques
 
 *108
 
 tion 47 of the application, was answered “Yes” by the trial court. Question 2, “Did such inaccurate or erroneous answer increase the risk to the defendant, . . .” was answered “No” by the jury.
 

 Defendant contends that, the court having determined the materiality of the false statement, it should have held as a matter of law that the risk was thereby increased. The same contention was made on the first appeal and rejected by this court. It is true that in some cases it has been held that such a statement necessarily increases the risk.
 
 Demirjian v. New York Life Ins. Co.
 
 (1931), 205 Wis. 71, 236 N. W. 566;
 
 Haas v. Integrity Mut. Ins. Co.
 
 (1958), 4 Wis. (2d) 198, 90 N. W. (2d) 146. But, as the trial court stated, this is not such a case. And this court recognized that when it held on the first appeal that the question whether the statement increased the risk was for the jury. See also
 
 Kurz v. Collins
 
 (1959), 6 Wis. (2d) 538, 546, 95 N.W. (2d) 365, where this court held the question of whether there has been a breach of a co-operation clause of an insurance policy because of false statements by the insured presents a mixed question of law and fact, although sometimes the facts are so clear that there is no issue to submit to a jury.
 

 Here the facts are disputed. Plaintiff’s expert witnesses testified that disclosure of a previous cancellation would not of itself reasonably influence an insurance company in rejecting or accepting the risk, but it would constitute a “warning-flag” causing the company to investigate the cause of the cancellation. Defendant’s expert witnesses testified that the mere fact of an affirmative answer to such a question as No. 47 of the application would reasonably influence an insurance company in deciding whether it would accept or reject the risk and that such an answer might reasonably cause the risk to be rejected. The evidence shows, however, that defendant in fact made an investigation of the risk. Its agent, in forwarding the application, described it as a “very
 
 *109
 
 good risk” and on the application itself the agent noted the highest rating with respect to physical condition of the risk, financial rating and character of the applicant. Thereafter defendant sent out an inspector whose report rated the risk “A-l” — “A” being the highest possible rating from the physical standpoint and “1” the highest possible rating from the moral standpoint.
 

 Despite defendant’s position that a previous cancellation alone might reasonably influence an insurance company to reject the risk, it was the defendant who “strenuously urged” that evidence be introduced as to the
 
 reason
 
 for the previous cancellation.
 

 Irwin Olson of the Shawano Farm Mutual Insurance Company testified his company’s policies were canceled after the 1948 fire “because we suspected arson”—
 

 “We believed that it could have been arson. That is not the reason we denied liability. The reason we denied liability is because we thought the farm had been sold, or that the land contract had been pledged to the bank to secure a loan.”
 

 Olson further testified that his investigation after the 1948 fire turned up no evidence of arson and his company had no information that there was arson.
 

 Defendant now argues it was error for the trial court to instruct the jury to consider the facts and circumstances surrounding the cancellations by Shawano in determining whether those circumstances, if known to the defendant, “might reasonably have influenced” it to reject the application. The court further instructed:
 

 “You are to determine this question [whether the risk was increased] from all the testimony received upon this trial as to what those engaged in the fire insurance business, acting reasonably and naturally in accordance with the practice usual in the insurance industry, under such facts and circumstances, would have done.”
 

 
 *110
 
 We see no error in the instructions. The trial court clearly indicated that the test was whether “the fact, if truthfully stated, might reasonably have influenced the insurer in deciding whether it should reject or accept the risk.”
 
 Allstate Ins. Co. v. Moldenhauer
 
 (7th Cir. 1952), 193 Fed. (2d) 663, 665.
 

 Defendant contends it was error for the trial court to admit evidence as to the fact that at the time the application in question was taken plaintiff had insurance coverage on the property and as to subsequent insurance obtained by the plaintiff. Mr. Blevens of the Home Insurance Company of New York testified his company wrote a policy on plaintiffs property on November 13, 1957; the application stated no previous cancellations. Blevens made a personal inspection of the risk and the moral status and had discussions with the fire marshal. He learned of the previous cancellations before writing the policy. He testified that if an application stated there was a previous cancellation any reasonable company would not write the insurance until it discovered the reason for the cancellation and had the results of its investigations. Since defendant’s position was that the mere fact of a previous cancellation would cause it to reject the application, this evidence was properly admitted. In any event, Blevens’ testimony is largely cumulative of the testimony of other expert witnesses for the plaintiff that a previous cancellation merely brings on an investigation as to the cause thereof. Even if admission of the evidence complained of was error, it was not prejudicial to the defendant.
 

 Since the judgment must be affirmed, it is unnecessary to discuss questions which plaintiff raised on its motion for review.
 

 By the Court.
 
 — Judgment affirmed.
 

 Hallows, J., took no part.