WEISS, Respondent, v. MUTUAL INDEMNITY COMPANY, Appellant.

*September 8—October 4, 1966.*

"...

For the appellant there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs.*

For the respondent there was a brief and oral argument by *Sidney J. Thronson* of Janesville.

GORDON, J.  If there are any substantial issues of fact for trial, summary judgment should not be granted. *Thompson v. Dairyland Mut. Ins. Co.* (1966), 30 Wis. (2d) 187, 140 N. W. (2d) 200; *Hein v. State Farm*

*Mut. Automobile Ins. Co.* (1966), 29 Wis. (2d) 702, 139 N. W. (2d) 611.

There appear to be misstatements on each of the three insurance applications. The appellant urges that these errors voided the policy as a matter of law, as in *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. (2d) 345, 139 N. W. (2d) 48. The plaintiff, on the other hand, denies that the false statements were made by him and attributes them to the defendant's agents who he says prepared the applications.

### Is the Insurer Estopped?

The 1960 application, which the plaintiff signed, asserted that he had never had diabetes; the application also failed to disclose his consultation with a medical doctor about such disease within the preceding five years. Mr. Weiss contends that the agent prepared such application by copying the 1958 application. It appears to be Mr. Weiss' position that although he signed the application he did not supply the misinformation and did not subsequently examine the document.

If Mr. Weiss' claim is believed by the trier of fact, it could result in an estoppel of the defendant's right to assert the misrepresentations. *Emmco Ins. Co. v. Palatine Ins. Co.* (1953), 263 Wis. 558, 58 N. W. (2d) 525; *Taluc v. Fall Creek Farmers Mut. Fire Ins. Co.* (1931), 203 Wis. 319, 234 N. W. 364. In the *Taluc Case,* this court stated, at page 321:

"Every-day experience underlies the rule that it is not necessarily negligence for the applicant for insurance to fail to read the application or the policy and that misstatements inserted in the application by the agent without the knowledge of the assured do not become misrepresentations of the insured by reason of the fact that he signed the application. Ordinarily persons making contracts of insurance do not read carefully the application, and a very small per cent, in all probability, of those

securing insurance ever read or understand the contents of the policy. Because of this fact the law has placed restrictions of an unusual nature, considering contracts as they are generally treated, upon the parties seeking to avoid the terms of a policy of insurance."

In the *Emmco Case*, the court commented as follows, at page 571:

"The instant case is one in which a false answer was inserted in the policy through the sole fault of the defendant insurance company's agent. The principles of equity and fair dealing require that the company be not permitted to take advantage of the wrongful act of its own agent by showing that the fact as to incumbrances was other than as written into the policy by the agent."

*Emmco* and *Taluc* were somewhat limited in breadth by *Stockinger v. Central National Ins. Co.* (1964), 24 Wis. (2d) 245, 128 N. W. (2d) 433. In the *Stockinger Case,* the insured looked at the application before signing it, but this may not be true in the case at bar. Normally, one is deemed to understand what he has signed, but even the strong presumption to that effect may be overcome by evidence. The trier of fact in the instant case will be able to consider all the circumstances in determining whether the misstatements were the unilateral work of the agent; if they were, the defendant could be estopped from asserting its defense under the policy.

The defendant is not entitled to summary judgment in view of the existence of the factual dispute relating to estoppel. Nevertheless, we believe it will be useful to comment briefly on the insurer's defenses under sec. 209.06 (1), Stats.

### The Insured's Intent to Deceive.

Sec. 209.06 (1), Stats., contemplates that a misrepresentation made with an intent to deceive may be utilized by an insurer to defeat a policy claim. Much of what was

said in the first section of this opinion relates to Mr. Weiss' understanding of what was written on the document he signed, and we believe that his intentions were not so clear that on summary judgment they should be resolved by the court as a matter of law. This is especially true because the 1958 application made no specific inquiry as to diabetes, and the 1960 application, according to Mr. Weiss, was merely copied from the earlier one.

### Was the Insurer's Risk Increased?

A vice-president of the defendant insurance company averred that the misstatements on the applications materially affected the risk assumed by the company. He did not establish the basis for his conclusion. We believe that a court may not accept such a conclusion unless it is supported by evidentiary proof and has been tested by cross-examination—or at least has been confronted with the opportunity for cross-examination. We note that in those cases in which an increase in risk was found to exist as a result of a misrepresentation it was so found after a trial and not at the summary judgment stage. *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. (2d) 345, 139 N. W. (2d) 48; *Demirjian v. New York Life Ins. Co.* (1931), 205 Wis. 71, 236 N. W. 566; *Peterson v. Independent Order of Foresters* (1916), 162 Wis. 562, 156 N. W. 951.

### Did the Misrepresentations Contribute to the Loss?

Under sec. 209.06 (1), Stats., an insurer may avoid an obligation on a policy if a misrepresentation was made which contributed to the loss. If the amputations in 1963 were caused by the diabetes that Mr. Weiss had before 1960, it would be permissible for the trier of fact to find that the false statements contributed to the loss; the

correct finding would, of course, depend on *all* the evidence. On the present state of the record, there is a suggestion that diabetes was to blame for the surgery, but it is not definitively established.

### *Conclusion.*

We conclude that the trial court correctly denied summary judgment. If at the trial the defendant is estopped from relying on the false statements, there would be no need to explore the defenses mentioned in sec. 209.06 (1), Stats. However, if the court finds that there is no estoppel, the court will have to determine whether the defendant has proved that Mr. Weiss had an intention to deceive or that his false statements either increased the risk or contributed to the loss.

We have not commented upon the plaintiff's claim that the two-year incontestability clause forecloses the various defenses of the defendant because it was not determined by the trial court and was not comprehensively argued upon the appeal. At the trial, this issue should be resolved if any of the insurer's defenses are otherwise deemed valid.

*By the Court.*—Order affirmed.