DOTTAI, Respondent, v. ALTENBACH and others, Appellants.

*February 8—March 5, 1963.*

374

For the appellants there was a brief and oral argument by *Donald E. Koehn* of Sheboygan Falls, attorney, and *Ben E. Salinsky* of Sheboygan of counsel.

For the respondent there was a brief and oral argument by *Wayne W. Schlosser* of Sheboygan.

HALLOWS, J. The main thrust of the defendants' argument is the insufficiency of the counteraffidavit opposing their motion for summary judgment in that it contained conclusions of law, references to possible evidence the plaintiff hoped to produce at the trial, and no evidentiary facts. Before the weakness of the defense is considered this court must look to the strength of the attack. We pointed out in *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305, and we stress again that in deciding a motion for summary judgment, this court first examines the moving papers or documents to determine whether the moving party has made at least a *prima facie* case for granting summary judgment under the statute. If such a case has been made, the court then examines the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the pleadings make a case for a trial of a material issue of fact, which these pleadings do, summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate facts cannot reasonably be drawn. *Hanson v. Halvorson* (1945), 247 Wis. 434, 19 N. W. (2d) 882. It is a rare case when summary judgment can be granted in an action grounded on negligence.

Sec. 270.635 (2), Stats., requires a motion for summary judgment on behalf of the defendant to be supported by an affidavit of a person who has knowledge thereof and which affidavit sets forth evidentiary facts showing the defendant's denials or defenses are sufficient to defeat the plaintiff and by an affidavit of the defendant that he believes the action has no merit. The affidavit in support of the defendants' motion was made by counsel and stated the plaintiff had no valid cause of action against the defendants on any grounds whatsoever. This statement does not meet the requirements of an affidavit of the moving party. An affidavit by an attorney on behalf of his client is not the affidavit of the client and is no more effective than one made by a nonparty. *Fischer v. Mahlke* (1963), 18 Wis. (2d) 429, 118 N. W. (2d) 935.

The statute also requires an affidavit by the person who has knowledge of the evidentiary facts set forth therein. Only in a few cases are attorneys possessed of the personal knowledge of the necessary evidentiary facts to support or oppose a motion for summary judgment. Affidavits on information and belief are not sufficient. *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 92 N. W. (2d) 890; *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607. Routine identification and incorporation of adverse examinations and possibly other documents in an affidavit of counsel are permissible, but the statute contemplates affidavits of facts by knowledgeable persons who would be witnesses at the trial. Parts of adverse examinations included in affidavits are generally inconclusive. While adverse examinations may tend to prove a fact, it must be remembered the person examined has no opportunity on such examination to counteract or explain the testimony; and what is more important, such examinations do not generally negative all the circumstances which would tend to support an inference of an essential ultimate fact to the

contrary. The conclusiveness of such facts generally are destroyed by cross-examination. As much can be said for affidavits concerning factual matters. Compare *Becker v. La Crosse* (1960), 9 Wis. (2d) 540, 101 N. W. (2d) 677, with *Becker v. La Crosse* (1961), 13 Wis. (2d) 542, 109 N. W. (2d) 102. Unless affidavits dealing with factual matters are conclusive, a motion for summary judgment would result in a trial on affidavits which is not within the scope of summary-judgment procedure. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Zeablatt v. Sampson* (1961), 12 Wis. (2d) 303, 107 N. W. (2d) 122.

When such a drastic remedy as summary judgment is sought, the affidavits to be effective must set forth evidentiary facts which if on behalf of the plaintiff entitle him to judgment or which if on behalf of the defendant show his denials or defenses are sufficient to defeat the plaintiff. The affidavit on behalf of the instant defendants does not show their denials are sufficient to defeat the plaintiff. No separate defenses were pleaded; the answer consisted of specific denials which raise questions of fact to be resolved. The affidavit does not resolve these issues or contain evidentiary facts sufficient to supplant any material allegation in the complaint. True, the allegations of negligence are set forth in the affidavit and their truth denied but this denial only affirms the existence of issues of fact created by the pleadings. Restating allegations of the pleadings in affidavit form adds little or nothing by way of evidentiary facts.

The affidavit contains a statement the allegations in the complaint do not constitute a basis for a cause of action. This contention is without merit because the sufficiency of the complaint is not at issue in the pleadings and the motion for summary judgment cannot be used to perform the function of or as a substitute for a demurrer. *Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 92 N. W. (2d) 267;

*McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370.

The affidavit properly incorporates parts of an adverse examination taken of the plaintiff as outlined and suggested in *Hyland Hall & Co. v. Madison Gas & Electric Co., supra.* However, the adverse examination is to the effect the plaintiff had no personal knowledge of the layout of the building, had never been inside of it, and personally did not know the truth of the allegations of negligence. From this testimony, the conclusion is drawn the plaintiff's fall from the ladder was not the result of any negligence of the defendants. While the affidavit points out the plaintiff verified the complaint on knowledge which he admits he did not have, it does not show evidentiary facts which prove the defendants' denials or that the plaintiff's allegations are not true.

The contentions of the defendants relating to the lack of negligence and causation and lack of duty in respect to keeping their premises in a safe condition for a policeman entering the premises in the performance of his duty and the nonapplicability of the rescue doctrine are not reached within the scope of the defendants' motion for summary judgment as presented by the pleadings and affidavits. Questions of law on summary judgment can only be decided when the material facts upon which such questions of law are grounded are not in dispute.

We do not reach the sufficiency of the affidavit on behalf of the plaintiff; but if we did, we would be hard pressed to find that affidavit sufficient to offset an affidavit on behalf of the defendants which satisfied the statute. The affidavit contains conclusions of law, very few evidentiary facts, and references to evidence the plaintiff hoped to introduce on the trial. Evidence which the plaintiff expects to introduce on the trial should be set out in affidavits of prospective witnesses. It is not necessary for a plaintiff in opposing a motion for summary judgment to put in all his case but

379

if he is to be successful in opposing the defendant's motion, sufficient facts must be presented to enable this court to determine he is entitled to a trial. If a plaintiff shows sufficient evidentiary facts to entitle him to summary judgment, it may be awarded him although he has not moved therefor. Sec. 270.635 (3), Stats.

We find no error by the trial court in denying the motion for summary judgment.

*By the Court.*—Order affirmed.