MILWAUKEE COUNTY, Appellant, v. SCHMIDT, Director of Health & Social Services, Respondent.

*January 29—February 27, 1968.*

For the appellant there were briefs by *Robert P. Russell*, corporation counsel, and *George E. Rice*, deputy corporation counsel, and oral argument by *Mr. Rice*.

For the respondent the cause was argued by *James H. McDermott*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, and *Charles C. Lubcke*, collection and deportation counsel, department of health and social services.

CONNOR T. HANSEN, J. Milwaukee county, plaintiff-appellant, commenced litigation to recover certain moneys from the state of Wisconsin, through the director of the state department of public welfare (now Department of Health & Social Services). The plaintiff seeks to recover certain collection costs under sec. 46.10, Stats., which allocates liability for the maintenance of patients in specified institutions.

The trial court permitted the plaintiff to amend its pleadings. As we view these amended pleadings, two separate and distinct causes of action were presented to the trial court.

The first cause of action was one for declaratory judgment arising out of the enactment of ch. 166, Laws of 1963, and the subsequent enactment of ch. 479, Laws of 1963. A trial, based on stipulated facts, was had on this cause of action.

The second cause of action for the recovery of collection costs was based on an entirely different theory; and as to this cause of action, the plaintiff subsequently moved for summary judgment.

Although the trial court adjudicated the first cause of action and properly denied plaintiff's motion for summary judgment as to the second cause of action, a procedural problem developed as a result of the somewhat confused and uncertain manner in which the first cause of action was initially presented to the trial court.

When the trial court entered its judgment adjudicating the first cause of action, it did so in language which

had the practical effect of granting summary judgment to the defendant as to the second cause of action. The net result is that even though the plaintiff's motion for summary judgment on the second cause of action was denied, the plaintiff has really never had its day in court.

*First cause of action.*

Prior to the controversy in question, sec. 46.10 (8) (f), Stats. 1961, provided as follows:

"**46.10 Maintenance of inmates or outpatients, liability; collection and deportation counsel; collections; court action; recovery.**

". . .

"(8) The department may:

". . .

"(f) Make adjustment and settlement with the several counties for their proper share of all moneys collected."

During the 1963 legislative session, Milwaukee county sponsored the introduction of Bill No. 139, S., which was introduced on February 14, 1963, and ultimately became ch. 166, Laws of 1963, published July 16, 1963, and provided as follows:

"An act to repeal and recreate 46.10 (8) (f) of the statutes, relating to adjustment of collections between certain counties and the state.

"The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:

"46.10 (8) (f) of the statutes is *repealed and recreated to read:*

"46.10 (8) (f) Make adjustment and settlement with the several counties for their proper share of all moneys collected. In counties having a population of 500,000 or more the department shall grant credit for the full costs of collection, including legal services furnished under sub. (12), salaries of investigators, collectors, clerks and other personnel, supplies, postage, travel and other collection costs. In arriving at any settlement the director of institutions and departments in counties having a population of 500,000 or more shall certify on July 1 of each year, to the director of the department, the full

costs as itemized above attributable to collection activities under this section, and the director of the department shall deduct said costs from the share which is to be annually remitted to department in settlement, beginning July 1, 1963.

"Approved July 10, 1963." (Emphasis added.)

This version of sec. 46.10 (8) (f), Stats., appears in Vol. 1 of Wisconsin Statutes 1963, page 866.

The state department of public welfare sponsored Bill No. 170, S., which was introduced on February 19, 1963, and ultimately became ch. 479, Laws of 1963, published May 2, 1964. Sec. 4 of this chapter provides as follows:

"SECTION 4. 46.10 (8) (f) of the statutes is *repealed and recreated to read:*

"46.10 (8) (f) 1. Make adjustment and settlement with the several counties for their proper share of all moneys collected.

"2. Adjustment and settlement of all moneys collected for care furnished after July 1, 1963, at the county mental hospitals except the county mental health center, north division, established under s. 51.24 (1) shall be as follows:

"a. Sixty per cent to the state and 40 per cent to the county of legal settlement when the patient is hospitalized in the county of his legal settlement.

"b. Fifty per cent to the state and 50 per cent to the county of legal settlement when the patient is hospitalized in a county hospital operated by a county other than the county of such patient's legal settlement.

"c. 100 per cent to the state when the patient has no legal settlement in any county.

"3. Adjustment and settlement of all moneys collected for care furnished after July 1, 1964, at the county mental health center, north division, established under s. 51.24 (1) shall be as follows:

"a. Sixty per cent to the state and 40 per cent to the county of legal settlement when the patient is hospitalized in the county of his legal settlement.

"b. Prorate between state and county of legal settlement on the percentage ratio each has contributed of the individual average per capita cost where the patient has legal settlement in a county other than the county where hospitalized.

"c. 100 per cent to the state where the patient has no legal settlement in any county." (Emphasis added.)

This version of sec. 46.10 (8) (f), Stats., appears in Vol. 2 of Wisconsin Statutes (Addendum) 1963, pages 39, 40. The note following this section, as reported in the addendum, specifies the problem at bar by stating:

"Chapter 479, laws of 1963, which repealed and re-created 46.10 (8) (f), did not refer to the changes made by Chapter 166, laws of 1963."

Thus, ch. 166 was apparently incorporated as part of sec. 46.10 (8) (f), Stats., for a period of less than ten months.

Appellant contends for various reasons, that ch. 166, which repealed sec. 46.10 (8) (f), Stats. 1961, was not repealed by sec. 4 of ch. 479, Laws of 1963. Respondent contends that sec. 4 of ch. 479 expressly repealed sec. 46.10 (8) (f) as it then existed, *i.e.*, in its ch. 166 form.

It is urged by the appellant that since the collection-credit provisions of ch. 166 are not repugnant to or in direct conflict with the provisions of ch. 479 that this court should somehow amalgamate or harmonize the two chapters so that the collection-credit provisions of ch. 166 would be considered a part of the statutory law of the state. It is also contended that the legislative use of "repeal and recreate" language is nothing more than a "polished or sophisticated" type of amendment procedure utilized for the purpose of brevity and clarity in the drafting process.

The use of the language "repeal and recreate" in the legislative process means exactly what it says and con-stitutes an express repeal.

"The argument has two things the matter with it; first, the assumption that the 1953 legislature did not intend to repeal sec. 85.05 (3), Stats. Of course it in-tended the repeal. It expressly said it was repealing the whole of sec. 85.05. What it did not intend was the omis-

sion of that subsection from the re-creation. Not that this makes any real difference because, second, if the repeal itself had been by error it was, nevertheless effective. Even where there is no express repeal but merely a legislative declaration that a statute 'is amended to read:' any provision of the original statute not found in the statute, as amended, is repealed. *State v. Ingersoll* (1864), 17 Wis. *631, *634; *Bentley v. Adams* (1896), 92 Wis. 386, 391, 66 N. W. 505.

"We held in *Kugler v. Milwaukee* (1932), 208 Wis. 251, 255, 242 N. W. 481, and *Cavadini v. Larson* (1933), 211 Wis. 200, 208, 248 N. W. 209, and now repeat, a clear and plain declaration in the enacting clause that a statute is repealed must be given effect according to its terms.

"So we conclude that between the repeal of sec. 85.05 (3), Stats., on August 12, 1953, and its substantial re-enactment on November 26, 1953, as sec. 85.05 (6), Wisconsin had no statutory provision making service of process upon the commissioner of motor vehicles constructive service, or a part of constructive service, upon a nonresident driver or his employer." [1]

Therefore, it follows that the trial court's determination that ch. 479 effectively repealed ch. 166 is correct and that portion of the judgment so adjudicating declaratory relief is affirmed.

As heretofore stated, there were two causes of action before the court. The first related to consideration of ch. 166, Laws of 1963, and ch. 479, Laws of 1963, under the Declaratory Judgment Act (sec. 269.56, Stats.). The second related to plaintiff's authority to claim credit for collection costs under sec. 46.10 (12), Stats., and related statutes. The June 30, 1966, decision and ultimate judgment of the trial court as to the first cause of action, in reality, disposed of both causes of action by determining that the two questions were a part of the first cause of action.

The trial court entered judgment on November 10, 1966, adjudicating the first cause of action and included

---

[1] *Steffen v. Little* (1957), 2 Wis. 2d 350, 355, 86 N. W. 2d 622.

a determination that sec. 46.10 (12), Stats.,[2] did not grant authority to the plaintiff county to deduct its collection costs when making its adjustment with the state department of public welfare on the cost of institutional care of patients.

We conclude that the stature of the pleadings is such that the issue relating to sec. 46.10 (12), Stats., could not properly be decided within the framework of the first cause of action. *Stellmacher v. Union Mortgage Loan Co.* (1928), 195 Wis. 635, 637, 219 N. W. 343.

Therefore, that portion of paragraph 2 of the judgment relating to sec. 46.10 (12), Stats., is vacated.

*Second cause of action.*

The trial court, by separate order, properly denied the motion of the plaintiff for summary judgment.

Sec. 270.635 (2), Stats., provides that summary judgment may be entered in favor of either party, on motion "upon the affidavit of any person who has knowledge thereof, setting forth *such evidentiary facts,* including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment." (Emphasis added.)

It is well established that the "evidentiary facts" referred to in sec. 270.635 (2), Stats., are not the same as "ultimate facts" alleged in the pleadings. *Fuller v. General Accident Fire & Life Assur. Corp.* (1937), 224 Wis. 603, 610, 611, 272 N. W. 839; *Weber v. Hurley* (1961), 13 Wis. 2d 560, 567, 109 N. W. 2d 65.

---

[2] "Sec. 46.10 (12), Stats.

"The district attorney or his assistants in counties having a population of 500,000 or more shall, in matters pertaining to the recovery of the cost of maintenance of inmates in county and state institutions having a legal settlement in such county, have the same authority as granted in this section to the state department of public welfare."

The affidavit of the plaintiff is substantially a restatement of the contents of the amended complaint and therefore must fail since it amounts to nothing more than a second verification by the attorney. *Fuller v. General Accident Fire & Life Assur. Corp., supra,* page 610. Since the affidavit of the plaintiff fails, the counter-affidavit need not be examined. *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 375, 120 N. W. 2d 41.

It would also seem that a question of fact is presented. There is no showing that the director of the state department of public welfare has, since 1957 (the year of his appointment), refused plaintiff its costs of collection as part of the adjustment process envisioned by sec. 46.10, Stats., or that the plaintiff has ever requested or demanded the credit for such collection costs.

We have here determined that the decision of the trial court on the first cause of action did not dispose of the second cause of action and that it was proper for the trial court to deny the motion of the plaintiff for summary judgment as to the second cause of action. Therefore, the merits of the second cause of action are not properly before us on this appeal.

*By the Court.*—Reverse that portion of judgment which pertains to sec. 46.10 (12), Stats., and affirm the order denying summary judgment.