DURAND WEST, INC., Appellant, v. MILWAUKEE WESTERN BANK, Respondent.

*No. 145. Argued November 26, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 20.)

For the appellant there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral argument by *Mark M. Camp.*

For the respondent there was a brief and oral argument by *Edward S. Grodin* of Milwaukee.

BEILFUSS, J. Was it error to grant the defendant bank's motion for summary judgment?

We repeat our statement appearing in *Marshall v. Miles* (1972), 54 Wis. 2d 155, 160, 161, 194 N. W. 2d 630:

"The rules relating to the use of summary-judgment procedure are well established and they have been set forth and explained by this court many times.

"Summary judgment is a drastic remedy that should not be granted where material evidentiary facts are in dispute, or, where reasonable inferences can be drawn from undisputed facts that would lead to alternative and opposite results. *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191; *Balcom v. Royal Ins. Co.* (1968), 40 Wis. 2d 351, 161 N. W. 2d 918; *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659. The summary-judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented. *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 188 N. W. 2d 507. However, the allegations of the pleadings may not be considered as evidence or other proof on a disposition of the motion. *Milwaukee County v. Schmidt* (1968), 38 Wis. 2d 131, 156 N. W. 2d 493; *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787. Assuming a cause of action and the existence of factual issues, an examination is then made of the moving party's (defendant's) affidavits and other proof to determine whether a prima facie defense has been established. *Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 150 N. W. 2d 460. If the moving party has made

a prima facie case for summary judgment, an examination is then made of the opposing party's (plaintiff's) affidavit and other proof to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial. *Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 141 N. W. 2d 909. The summary-judgment procedure is not a trial on affidavits. *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 530, 155 N. W. 2d 674:

" '. . . A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgment whether there is a substantial issue to be tried. . . .' "

In support of its argument that the motion for summary judgment should not have been granted, the plaintiff-appellant contends it appears from the face of the general release that it was given without consideration and that the uncontroverted affidavit of the plaintiff establishes there was no consideration for the general release and that it was given under economic duress.

The affidavits of the defendant set forth the agreement between Durand and Pump and Goldman. In general, the agreement provided that Durand was to convey all its interest in the land and partially constructed buildings to Pump and Goldman, subject to the obligations which consisted of an estimated $10,000 due on the bank mortgage, the mechanics' liens, and some commitment fees and charges on the end loan agreement. In turn, Pump and Goldman were to transfer title to some lands they owned, subject to mortgages, to Quality Realty Corporation on behalf of Durand. This agreement was conditioned upon Pump and Goldman obtaining interim financing.

The general release was executed November 14, 1966. It provided it was in consideration of one dollar and

other good and valuable consideration and contained the following:

". . . release and discharge Milwaukee Western Bank, a Wisconsin Banking Corporation, of and from all manner of actions and causes of actions, judgments, executions, debts, dues, claims, (including but not limited to any transaction and/or thing in relation to a mortgage executed by Durand West, Inc., on December 1, 1965, in favor of Milwaukee Western Bank, said mortgage having been recorded in Racine County, Wisconsin, on December 30, 1965, as Document No. 800272), and demands of every kind and nature whatsoever, which against said Bank they ever had or now have or which they or its (as the case may be) heirs, executors, administrators and/or assigns have now or may hereafter have by reason of the aforedescribed paragraph."

The depositions of Pumpian and Gardner reveal they were both experienced attorneys, officers and directors of Durand, that they read and signed the release on their own behalf and for Durand, and that it was done at the request of Pump and Goldman. These affidavits of the defendant set forth a valid defense in the form of a general release and constitute a prima facie defense to the action.

We do not believe the affidavit of Pumpian sets forth any material facts sufficient to warrant a trial on disputed facts nor to overcome the prima facie legal defense.

It is apparent that Pump and Goldman, in order to get the bank to satisfy the Durand mortgage and obtain a like interim financing mortgage for themselves, had to prevail upon Durand and Pumpian and Gardner to give the bank the general release. The consideration that flows to Durand was a satisfaction of its obligations and a transfer of interests in lands from Pump and Goldman. In addition thereto, the release given by Durand to the bank was a benefit to Pump and Goldman in that they were able to obtain interim financing necessary to go ahead with the project.

There was, therefore, adequate consideration for the release. Not only did Durand, Pumpian and Gardner benefit from the entire transaction, but third persons, Pump and Goldman, were also benefited.

"Generally speaking, if consideration is sufficient for a contract in other respects, it does not matter from or to whom it moves. The consideration may move to the promisor or a third person, and may be given by the promissee or a third person. . . ." 17 Am. Jur. 2d, *Contracts,* p. 437, sec. 94.

The affidavit of Pumpian in opposition to defendant's motion states that because of the financial inferiority of Durand as compared to the defendant bank, the general release was given without consideration with the hope that the bank would release its mortgage so that Durand could salvage its investment and reduce its losses.

We have held above that there was adequate consideration to support the release. We further conclude that the affidavit of Pumpian for Durand does not set forth facts sufficient to constitute a defense of economic duress.[2] The release is regular and unambiguous on its face; there is no allegation of fraud or misrepresentation nor physical duress. It was executed by competent attorneys who were also sophisticated in real estate transfers, development and financing. In the affidavit in support of the motion, Mr. Pumpian's testimony at an adverse deposition is quoted as follows:

"The fact as I know it is Mr. Pump and Mr. Goldman requested the release from us and we gave it to them and we requested that they secure for us a satisfaction of mortgage and a delivery of all of our, return of all of our documents that we executed with the bank."

These facts fall short of raising a substantial factual question of economic duress.

---

[2] *See Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* (1924), 183 Wis. 47, 197 N. W. 352.

The trial court concluded that the affidavits establish there was adequate consideration for the release and that they were voluntarily and freely given without duress and that there were no substantial issues of fact to be tried. We agree.

*By the Court.*—Judgment affirmed.