FROHNA, Appellant, v. CONTINENTAL INSURANCE COMPANIES and another, Respondents.

*No. 283. Submitted under sec. (Rule) 251.54 February 6, 1974.—*
*Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 1.)

The cause was submitted for the appellant on the briefs of *Reginald M. Hislop, Jr.,* of West Allis, and for the respondents on the brief of *Kluwin, Dunphy, Hankin & McNulty,* of Milwaukee.

WILKIE, J.  The sole issue here is whether the trial court properly granted the defendants' motion for summary judgment in this action for reformation of the insurance contract.

The complaint stated a cause of action for reformation of the insurance policy as written. This court has said:

". . . A cause of action for reformation of an insurance policy is allowed when the one seeking reformation shows that because of fraud or mutual mistake the policy does not contain provisions desired and intended to be included. . . ." [1]

Moreover, when a policy of insurance is involved, mutual mistake is established when the party applying for insurance proves he made certain statements to the agent concerning the coverage desired, but the policy as issued did not provide the coverage desired.[2]

By answer, the company denied the material allegations of the complaint, thus presenting disputed material issues of fact. The company then filed its motion and supporting affidavit for summary judgment. These documents asserted policy defenses including a provision in the written policy that the agent had no authority to

---

[1] *Artmar, Inc. v. United Fire & Casualty Co.* (1967), 34 Wis. 2d 181, 186, 148 N. W. 2d 641, 151 N. W. 2d 289.

[2] *Trible v. Tower Ins. Co.* (1969), 43 Wis. 2d 172, 182, 168 N. W. 2d 148; *see also:* 13 Appleman, *Insurance Law and Practice,* p. 368, sec. 7609.

change the policy or waive any of its provisions; and the claim that by the very terms of the policy as written, coverage on side trips was excluded. The company asserted Susan was killed on such a side trip.

We conclude that the policy defenses asserted by the company in its motion for summary judgment, do not establish a prima facie defense to an action seeking reformation of the very policy such defenses are dependent upon. It is immaterial that the written policy provides that the issuing agent had no authority to change the provisions of the policy or that such policy did not cover side trips. The plaintiff is seeking reformation not construction of the policy. The plaintiff is not seeking to apply the policy as written, but rather is contending the policy as written should be reformed so as to accurately reflect the alleged original agreement as to coverage, *i.e.*, that Susan would be covered on *all* air flights in Peru during the summer of 1970.

The company's affidavit in support of its motion for summary judgment did not meet nor defeat the underlying disputed factual allegation that the selling agent agreed to issue a policy to provide Susan with coverage on all flights in Peru and that the agent either through mistake, fraud or neglect failed to do so. Since the affidavit in support of the summary judgment motion failed to establish a prima facie defense to the underlying cause of action for reformation, summary judgment should not have been granted.[3]

A memorandum decision setting forth the trial court's reasons for granting the motion for summary judgment does not appear in the record before this court, nor does a transcript of the argument on the motion. The de-

[3] *Durand West, Inc. v. Milwaukee Western Bank* (1973), 61 Wis. 2d 454, 213 N. W. 2d 20; *DiMiceli v. Klieger* (1973), 58 Wis. 2d 359, 206 N. W. 2d 184; *Marshall v. Miles* (1972), 54 Wis. 2d 155, 194 N. W. 2d 630.

fendant companies speculate in their brief on appeal on the trial court's reasons stating:

". . . the Trial Court concluded that there was *insufficient evidence* to support the elements of reformation and granted summary judgment to the defendants." (Emphasis supplied.)

On motion for summary judgment, the trial court does not try the issues but rather decides whether there is a substantial issue to be tried.[4]

We conclude there are substantial issues to be tried.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[4] *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 155 N. W. 2d 674; *see also: Milwaukee County v. Schmidt* (1968), 38 Wis. 2d 131, 156 N. W. 2d 493.

