BECKER (Joseph A.) Individually and as Trustee for Joseph Becker III and Susan Ehrke, Respondent, v. BECKER (Carl R.) and another, Appellants: J. H. BECKER & SONS, INC., Defendant.*

*No. 397.   Submitted under sec. (Rule) 251.54 January 7, 1975.— Decided February 17, 1975.*
(Also reported in 225 N. W. 2d 884.)

---

\* Motion for rehearing denied, with costs, on May 6, 1975.

The cause was submitted for the appellants on the briefs of *James R. Mattison* and *Niebler & Niebler,* attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls; and for the respondents on the brief of *Morris Karon* of Milwaukee.

DAY, J.   This is a shareholders' derivative action which has been here before on the appeal of defendants Carl R. Becker and Mary Helen Peters from an order overruling their demurrer to the plaintiff's complaint. *Becker v. Becker* (1972), 56 Wis. 2d 369, 202 N. W. 2d 688. The purpose of the derivative action is to recover allegedly excessive compensation paid to the above-named de-

fendants pursuant to employment contracts between them and the defendant corporation. The orders appealed from were entered August 14, 1973, and October 2, 1973. The August 14th order denied summary judgment and refused joinder of an additional defendant. We affirm the denial of summary judgment, although we do not sustain the trial court's reason. We dismiss the appeal as to the joinder portion of the order. The order of October 2d denied defendants' motion to require a bond from plaintiff as part of the terms for a temporary injunction. This order we reverse.

*Summary judgment.*

The motion for summary judgment was grounded on the fact that plaintiff, as a director of the corporation, had voted to approve the contracts providing the allegedly excessive compensation. These contracts were two of four employment agreements approved at a board of directors' meeting on November 10, 1965. The other two employment agreements were entered into with plaintiff and Louis A. Becker. The three Becker brothers and their sister, Mrs. Peters, were the directors of the corporation. The individual defendants argue here, as they did in the trial court, that the actions of plaintiff in voting for approval of all four employment agreements, accepting the compensation provided in his agreement, and waiting for approximately five years before bringing suit to challenge the compensation paid under two of the agreements, establish defenses of laches, equitable estoppel, and unclean hands as a matter of law. Circuit Judge ALLEN KINNEY, who heard the motion for summary judgment before he was replaced by Judge PARNELL, denied the motion on the ground that defenses of laches, acquiescence, waiver, ratification, estoppel, and unclean hands

were not available against a shareholder in a derivative suit.

A shareholders' derivative action is an action in equity. A plaintiff who is subject to an equitable defense should not be able to avoid that defense by bringing suit in a representative capacity. We hold that equitable defenses are available against a plaintiff shareholder for the purpose of defeating his derivative suit. *See:* Anno. 16 A. L. R. 2d 467. However, it does not follow that the motion for summary judgment should have been granted.

This court has often said that the existence of a material issue of fact will defeat a motion for summary judgment. Equitable defenses such as estoppel, laches, and unclean hands depend entirely upon the factual context in which they are raised. Just as it is a rare case when summary judgment can be granted in an action grounded on negligence, *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 120 N. W. 2d 41, it is also a rare case when summary judgment can be granted in an action defended on equitable grounds.

The record in this case discloses several triable issues of fact, but we will discuss only one. The employment contracts entered into by the corporation on November 10, 1965, cannot be relied upon as a defense to an action to recover unreasonable compensation paid by the corporation to the individual defendants, because it was beyond the power of the board to establish unreasonable compensation. Sec. 180.31, Stats.; *Gauger v. Hintz* (1952), 262 Wis. 333, 55 N. W. 2d 426. If plaintiff received unreasonable compensation under his employment agreement, which was part of the same transaction, he is guilty of unclean hands and may not obtain relief in equity. *See:* Anno. 16 A. L. R. 2d 467, 470. Whether plaintiff's compensation was unreasonable is an issue of fact which cannot be resolved on a motion for summary judgment.

*Impleader of Louis A. Becker.*

A person not a party who petitions to intervene is entitled to appeal from the order denying his application, because the application initiates a special proceeding which is terminated by the order. The petitioner is not a party to the action, and his only opportunity for review is an appeal from the order, which is a final order affecting a substantial right and appealable under sec. 274.33 (2), Stats. *State v. McDonald Lumber Co.* (1960), 9 Wis. 2d 206, 100 N. W. 2d 701. However, a party to the action may review an order denying his motion to bring in another party on his appeal from the judgment. The order does not determine the action as to him and prevent a judgment from which an appeal might be taken, even if the party which the court refuses to bring in is a necessary party. Therefore, an order denying a motion by a party to add an additional party is not appealable. *Jones v. United States Fidelity & Guaranty Co.* (1932), 210 Wis. 6, 245 N. W. 650. The appeal from the order of August 14, 1973, insofar as that order denies a motion to join Louis A. Becker as an additional party must be dismissed.

*The injunction.*

The trial court's order of August 14, 1973, included an injunction setting a limit on the amount of annual compensation the corporation could pay the individual defendants until further order of the court. The individual defendants moved the trial court to require a bond from the plaintiff, and the trial court denied that motion by the order dated October 2, 1973. Under sec. 268.06, Stats., the court must require a bond from a party seek-

ing an injunction. The plaintiff claims the order in this case is not an injunction, but a temporary restraining order. A temporary restraining order is one which is issued pending a hearing on an application for an injunction. *Laundry, Dry Cleaning, Dye House Workers Union, Local 3008 v. Laundry Workers International Union* (1958), 4 Wis. 2d 542, 91 N. W. 2d 320. The hearing was held in this case, so the decree is an injunction rather than a temporary restraining order. On remand the trial court should fix the amount of bond to be required from the plaintiff, if the injunction is to be continued.

*By the Court.*—The appeal from the order of August 14, 1973, insofar as it denies a motion to add an additional party is dismissed; in all other respects the order is affirmed; order of October 2, 1973, insofar as it denies an application to require a bond from the plaintiff for the issuance of a temporary injunction is reversed; cause remanded for further proceedings not inconsistent with this opinion; no costs to be taxed on these appeals.