RE ANNEXATION OF TERRITORY WITHIN SANITARY DISTRICT NO. 1, TOWN OF MEDARY TO CITY OF LA CROSSE, JAMES P. ALTMAN, Public Intervenor, Appellant, v. CITY OF LA CROSSE and another, Respondents.

*No. 770. Decided May 6, 1975.*
(Also reported in 228 N. W. 2d 662.)

For the appellant: *James P. Altman,* assistant attorney general.

For the respondents: *John K. Flanagan,* city attorney.

WILKIE, C. J. The question presented on this motion by the city of La Crosse to dismiss the appeal is whether appeal has been taken from an appealable order.

In July and August, 1974, the department of natural resources ordered the city of La Crosse to connect its sewer system with Sanitary District No. 1, town of Medary. The city commenced annexation proceedings to annex the sanitary district for all purposes. On August 23, 1974, the public intervenor filed a notice of intervention in the annexation proceedings in circuit court for La Crosse county. A hearing was held on September 6, 1974, at which the court denied intervention. Subsequently, an annexation referendum was held and an order entered on December 4, 1974, certifying that the result of the referendum was 64 in favor of and 354 against the annexation. The order also declared the DNR connection order void, by reason of the application of sec. 144.07 (1m), Stats. The public intervenor appealed from the order of December 4th.

Although it is questionable whether the public intervenor is a party aggrieved by, and therefore has standing to appeal from, an order entered in a proceeding after he has been denied permission to intervene,[1] we do not ground our decision on this issue, because it was not raised. The parties have argued whether the order is appealable, and that is the issue to be decided.

Annexation by referendum initiated by a municipality is governed by sec. 66.024, Stats. The circuit court's jurisdiction in such proceedings is invoked by a petition.[2] The court holds a hearing, and determines whether the petition complies with statutory requirements, contains a correct description of the territory to be annexed, and is not objected to by a majority of the electors or owners

---

[1] *See: Becker v. Becker* (1975), 66 Wis. 2d 731, 225 N. W. 2d 884.

[2] Sec. 66.024 (1) (b), Stats.

of more than half the property in the territory. If the petition is found to be regular, the court enters an order so declaring, and directing a referendum election within the territory.[3] Sec. 66.024 (6) is the critical subsection of this annexation referendum statute for purposes of appealability.[4] It contemplates that an appeal may be taken from an order determining the regularity of a petition and directing a referendum election, but the issues on appeal are limited to those which are contested and which the court decides under sec. 66.024 (4) (a).

An order for a referendum is appealable under sec. 274.33 (2), Stats., because it terminates a special proceeding initiated by the petition for annexation, leaving only the certification of the results, which does not grant or deny relief requested by the petition.[5] Sec. 66.024 (6) has the effect of limiting the issues which can be raised on appeal from this order. The parties agree that the public intervenor's purpose in this case was to argue the constitutionality of sec. 144.07 (1m). This issue is not one of those which the legislature has authorized the circuit court to decide in a proceeding under sec. 66.024, which was in existence long before sec. 144.07 (1m) was enacted.[6]

Because the circuit court proceedings were terminated by the order for a referendum, the order of December 4, 1974, certifying the election results where there was no recount question, and declaring the collateral effect of

[3] Sec. 66.024 (4) (a), Stats.

[4] "APPEAL. Any appeal from the order of the circuit court shall be limited to contested issues determined by such court. Such appeal shall not stay the conduct of the referendum election provided herein, if one is ordered, but the statement of the election results and the copies of the certificate and plat shall not be filed with the secretary of state [under sec. 66.021 (8), Stats.] until the appeal has been determined."

[5] Under sec. 66.024 (4) (b), Stats., the certification is made by the election inspectors, not the circuit court.

[6] *See: Town of Lake v. City of Milwaukee* (1949), 255 Wis. 419, 39 N. W. 2d 376.

the defeat, was meaningless. The only purpose for entering it was to complete the case file. The order does not affect any substantial rights, and is not appealable.

*By the Court.*—Appeal dismissed.