KAVON ENTERPRISES, INC., Appellant, v. AMERICAN UNI-
VERSAL INSURANCE COMPANY, Respondent.

*No. 75–18. Submitted on briefs September 14, 1976.—
October 5, 1976.*
(Also reported in 245 N. W. 2d 695.)

54

For the appellant the cause was submitted on the brief of *Alvin Richman,* attorney, and *Roger Pettit,* of counsel, both of Milwaukee.

For the respondent the cause was submitted on the brief of *Terrance E. Davczyk* and *Kasdorf, Dall, Lewis & Swietlik* of Milwaukee.

ROBERT W. HANSEN, J.  Initially the trial court denied defendant's motion for summary judgment on the ground that the question of estoppel raised a material issue which could best be resolved at trial.  Subsequent to such pronouncement and during the hearing on the motion, defendant claimed it was entitled to summary judgment despite the existence of a question of estoppel

because, as is admitted, plaintiff filed no affidavits in opposition to defendant's motion. Thereupon the trial court reversed its original denial of defendant's motion and granted summary judgment to the defendant.

The facts are not in dispute. We are asked to construe the effect of plaintiff's failure to file affidavits opposing defendant's motion for summary judgment. The issue is whether the trial court abused its discretion when it granted summary judgment on the sole ground that plaintiff had failed to file an affidavit in opposition to defendant's motion for summary judgment.[1] Put differently, the issue presented is whether the trial court was either initially correct when it *denied* summary judgment on the ground that an issue remained warranting a trial, or whether the court was subsequently correct when it *granted* summary judgment because no affidavit was filed by plaintiff opposing the defendant's motion for summary judgment.

■ Our court has ". . . set forth for the aid of trial courts the precise methodology which should be employed in determining whether the case then before them is an appropriate one for disposition by summary judgment."[2] That "precise methodology" has been set out in *Marshall v. Miles* (1972), 54 Wis. 2d 155, 160, 161, 194 N.W. 2d 630, cited with approval in *Peninsular Carpets, Inc., supra*, footnote 1, as follows:

"Summary judgment is a drastic remedy that should not be granted where material evidentiary facts are in dispute, or, where reasonable inferences can be drawn from undisputed facts that would lead to alternative and opposite results. [Cases cited] The summary-judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented.

---

[1] *See: Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N.W. 2d 191.

[2] *Peninsular Carpets, Inc. v. Bradley Homes, Inc.* (1973), 58 Wis. 2d 405, 410, 206 N.W. 2d 408.

[Case cited] However, the allegations of the pleadings may not be considered as evidence or other proof on a disposition of the motion. [Cases cited] Assuming a cause of action and the existence of factual issues, an examination is then made of the moving party's (defendant's) affidavits and other proof to determine whether a prima facie defense has been established. [Case cited] If the moving party has made a prima facie case for summary judgment, an examination is then made of the opposing party's (plaintiff's) affidavit and other proof to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial. [Case cited] The summary-judgment procedure is not a trial on affidavits. [Case cited]"[3]

■ Under this "precise methodology" the trial court "decides on summary judgment whether there is a substantial issue to be tried."[4] Initially the trial court here found that there was precisely such substantial issue to be tried. Subsequently that holding was reversed and summary judgment granted. Thus the question before us becomes whether, with the defendant's affidavits in support of summary judgment uncontroverted by affidavits filed by the plaintiff, there remained to be tried a material issue of fact regarding equitable estoppel as a substitute for the sworn proof of loss required by the insurance policy.

[3] *See also: Durand West, Inc. v. Milwaukee Western Bank* (1973), 61 Wis. 2d 454, 457, 458, 213 N.W. 2d 20; *Capt. Soma Boat Line, Inc. v. Wisconsin Dells* (1973), 56 Wis. 2d 838, 842, 203 N.W. 2d 369.

[4] *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 530, 155 N.W. 2d 674, this court holding: "A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgment whether there is a substantial issue to be tried."

This takes us to the defendant's affidavits and other proof to determine whether, at the summary judgment stage, a prima facie defense was established to plaintiff's amended complaint. Two affidavits were filed by the defendant. One was by its attorney, counsel stating: (1) That upon review of the pleadings, in his opinion, the action had no merit; (2) that plaintiff admits failure to give immediate notice in writing of the alleged loss and fails to provide sworn proofs of loss within the prescribed time period; (3) that such proof of loss is a condition precedent to defendant's duty to perform on the insurance contract; and (4) failure to file a timely proof of loss is a material breach of the insurance contract. The second affidavit, subscribed to by the assistant secretary of the defendant corporation, was a verification that the insurance policy attached to the motion was a true and correct copy.

The narrowed question becomes whether these two affidavits, both relating to the written policy of insurance and its provisions, are "denials or defenses [which] are sufficient to defeat the plaintiff."[5] Here in its amended complaint the plaintiff goes outside the terms and provisions of the written policy to assert a claim based on estoppel and waiver. Nothing in either of the two affidavits mentions or relates to the matters of estoppel and waiver. The plaintiff's amended complaint goes outside the provisions of the policy to assert a cause of action based on actual notice and proceeding to investigate the claim. The affidavits of defendant do not deal with actual notice and the accompanying assertions of estoppel and waiver. The factual issue, left untouched by the affidavits of defendant, is whether plaintiff can establish

[5] *See:* Sec. 270.635 (2), Stats., providing that summary judgment may be entered ". . . upon the affidavit of any person who has knowledge thereof, setting forth, . . . if the motion is . . . on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff. . . ."

equitable estoppel or prove waiver as to the notice of loss provision contained in the policy. The affidavits stay within the four corners of the insurance contract. The case of the plaintiff does not.

We find the situation now before us analogous in material aspects with that before this court in the *Frohna v. Continental Ins. Companies Case.*[6] There the defendant insurer moved for summary judgment under a contract of airline liability insurance, which contract on its face did not cover the category of loss for which plaintiff sought recovery. Plaintiff sought reformation of the contract. In support of its motion for summary judgment, the defendant submitted affidavits claiming, that the case had no merit, and setting forth the provisions of the insurance policy involved. Our court concluded that such affidavits and policy defenses asserted by the defendant ". . . do not establish a prima facie defense to an action seeking reformation of the very policy such defenses are dependent upon," and adding: "The plaintiff is not seeking to apply the policy as written, but rather is contending the policy as written should be reformed so as to accurately reflect the alleged original agreement as to coverage. . . ."[7] In the case before us, the plaintiff is not seeking to recover under the provisions of the policy as written. Rather it is seeking to recover on the claim that defendant is estopped from relying upon, or has waived a particular provision in the written insurance contract. The affidavits of defendant do not leave the four corners of the insurance policy to reach or defeat such claim of waiver or estoppel.

■■ Since defendant's affidavits are not sufficient to defeat the allegations of plaintiff's amended complaint, it is not necessary to examine either counteraffidavits

---

[6] (1974), 62 Wis. 2d 650, 215 N.W. 2d 1.

[7] *Id.* at page 653, this court concluding: "Since the affidavit in support of the summary judgment motion failed to establish a prima facie defense to the underlying cause of action for reformation, summary judgment should not have been granted."

or the absence of counteraffidavits.[8] As our court has said: "Before the weakness of the defense is considered this court must look to the strength of the attack."[9] It is only when a defendant has established by its affidavits those evidentiary facts required to defeat the cause of action asserted by the plaintiff that counteraffidavits are required to block the granting of summary judgment. As this court has held: "When such a drastic remedy as summary judgment is sought, the affidavits to be effective must set forth evidentiary facts which . . . if on behalf of the defendant show his denials or defenses are sufficient to defeat the plaintiff."[10] In the case before us, the defendant's affidavits, not reaching the issue of estoppel and waiver, are not sufficient to so defeat the cause of action set forth by plaintiff in its amended complaint.

In the instant case, the trial court initially concluded during the course of the hearing that there remained a question as to estoppel which was a material issue to be resolved by trial. Subsequently the trial court reversed itself holding that since plaintiff had not submitted counteraffidavits opposing the granting of summary judgment, defendant's motion for summary judgment should be granted. Our conclusion is that the trial court was correct in the first instance.

[8] *Milwaukee County v. Schmidt* (1968), 38 Wis. 2d 131, 139, 156 N.W. 2d 493, this court holding: "Since the affidavit of the plaintiff fails, the counteraffidavit need not be examined."

[9] *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 375, 120 N.W. 2d 41.

[10] *Id.* at page 377, this court there concluding: "The affidavit on behalf of the instant defendants does not show their denials are sufficient to defeat the plaintiff. No separate defenses were pleaded; the answer consisted of specific denials which raise questions of fact to be resolved. The affidavit does not resolve these issues or contain evidentiary facts sufficient to supplant any material allegation in the complaint."

*By the Court.*—Judgment reversed and cause remanded with directions to deny defendant's motion for summary judgment. Costs to appellant.