Gordon A. RICE and Walter L. Harvey,
Plaintiffs-Appellants,

v.

Robert H. FIERN, Defendant-Respondent.

Court of Appeals

*No. 82–506. Submitted on motion April 19, 1982.—*
*Decided May 5, 1982.*
(Also reported in 322 N.W.2d 481.)

For the defendant-respondent the cause was submitted on the brief of *Robert J. Kay* and *Geisler & Kay, S.C.* of Madison.

No brief was filed on behalf of plaintiffs-appellants.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

PER CURIAM. The trial court denied plaintiffs' motion to join an additional defendant under sec. 803.05, Stats. Plaintiffs appeal from that order. We conclude that the appeal must be dismissed because it is from a nonfinal order not appealable as of right under sec. 808.03 (1), Stats.

*Becker v. Becker,* 66 Wis. 2d 731, 735, 225 N.W.2d 884, 886 (1975), held that an order denying a party's motion to bring in an additional person was not appealable. *Id.* at 735, 225 N.W.2d at 886.[1] The *Becker* rationale was that the order did not determine the action as to the moving party and prevent a judgment from which an appeal could be taken. *Id;* sec. 274.33 (1), Stats. (1973).

The same rationale applies here. To be appealable as of right, an order must dispose of the entire matter in litigation as to one or more of the parties. Section 808.03 (1), Stats. The order denying the motion to join does not dispose of the entire matter in litigation as to any party. That matter may be disposed of in other litigation. Plaintiffs may obtain a review of the order on appeal from the final judgment. Rule 809.10 (4).

*By the Court.*—Appeal dismissed.

---

[1] The *Becker* court also held that an order denying a petition to intervene was appealable under sec. 274.33 (2), Stats. (1973), because the petition initiated a special proceeding and the order was final as to the petitioner. *Id.*