Donald G. WYATT, Plaintiff
and Appellee,

v.

R.D. WERNER CO., INC., and Ardell A.
Adams, Defendants and Appellees,

Shirley A. Wyatt, Intervenor
and Appellant.

Civ. No. 940120.

Supreme Court of North Dakota.

Nov. 21, 1994.

Ralph F. Carter, of Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellee.

Wayne W. Carlson, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee R.D. Werner Co., Inc.

Jay Fiedler, Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, for defendant and appellee Ardell A. Adams. Submitted on brief.

Rex A. Hammarback, East Grand Forks, MN, for intervenor and appellant.

SANDSTROM, Justice.

Shirley Wyatt appeals from an order denying her motion to intervene with a claim for loss of consortium in a personal injury action brought by her former spouse, Donald Wyatt, against Ardell Adams, Shirley's father, and R.D. Werner Co., Inc., a ladder manufacturer. We hold the order denying intervention is a final appealable order. We further hold Shirley was entitled as a matter of right to intervene in Donald's action and the court erred in denying the motion. We reverse and remand.

I

Donald Wyatt was seriously injured in December 1987, when he fell from a ladder owned by Adams and manufactured by R.D. Werner Co. while using the ladder at Adams' home. Donald and Shirley were married at the time, but they were divorced in April 1992. Donald filed an action for damages against Adams in February 1993, and he later joined R.D. Werner Co. as a party defendant. In November 1993, Shirley filed a motion to intervene under Rule 24, N.D.R.Civ.P. The trial court denied the motion, and Shirley filed this appeal.

II

We first address whether an order denying a motion to intervene is appealable. Courts have differing views, which are summarized and commented upon in C. Wright,

A. Miller & M. Kane, *Federal Practice and Procedure* § 1923, pp. 507–509 (1986):

"An order granting leave to intervene is not final and is not appealable as of right.

\* \* \* \* \* \*

"The matter has been much more complicated when review is sought of a denial of intervention, but there are clear signs that the courts are moving to a simpler and more · sensible rule. The traditional view has been that the appellate court can reverse if the trial court has erroneously denied intervention of right or if it has abused its discretion in denying permissive intervention, but that its order is not appealable, and the appeal must be dismissed, if the trial court properly denied the application for intervention. As Judge Friendly has said:

"Since this makes appealability turn on the merits, it is not a very effective or useful limitation of appellate jurisdiction; the propriety of the denial by the district judge must be examined before the appellate court knows whether it has jurisdiction, and the only consequence of the restriction on appealability is that on finding the district judge was right it will dismiss the appeal rather than affirm.

"It is clear enough what the rule ought to be. Any denial of intervention should be regarded as an appealable final order—as it surely is so far as the would-be intervenor is concerned—but the appellate court should affirm unless intervention of right was erroneously denied or, more debatably, the trial court seriously abused its discretion in refusing to allow permissible intervention." (Footnotes omitted.)

Under N.D.C.C. § 28–27–02(2), a final order affecting a substantial right made in special proceedings is appealable. In construing a similar provision, the Wisconsin Supreme Court in *Becker v. Becker*, 66 Wis.2d 731, 225 N.W.2d 884, 886 (1975), persuasively explained its rationale for concluding an order denying a motion to intervene is appealable:

"A person not a party who petitions to intervene is entitled to appeal from the order denying his application, because the application initiates a special proceeding which is terminated by the order. The petitioner is not a party to the action, and his only opportunity for review is an appeal from the order, which is a final order affecting a substantial right...." (Citations omitted.)

An order denying a non-party's motion to intervene effectively concludes the proceedings for intervention and prevents the movant from becoming a party to the original action. We conclude an order denying a motion to intervene is a final appealable order under N.D.C.C. § 28–27–02(2). The order denying intervention concludes the special proceeding and is therefore appealable under the statute. Because the order is final and because no other claim or party is involved in the special proceeding for intervention, Rule 54(b), N.D.R.Civ.P., does not apply and certification under it is not required to appeal. Concluding the order denying intervention is immediately appealable does not expand the range of appealable orders.

The district court had jurisdiction in this case under Art. VI, § 8, N.D. Const., and N.D.C.C. § 27–05–06. We have jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–01.

### III

In support of her motion to intervene Shirley contends this Court's decision in *Butz v. World Wide, Inc.*, 492 N.W.2d 88 (N.D. 1992), requires joinder of loss of consortium claims, and if she failed to intervene in Donald's action her claim would be permanently barred. Rule 24(a)(ii), N.D.R.Civ.P., requires the court to permit intervention if:

"the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The trial court found Donald and Shirley's claims accrued prior to the *Butz* decision and for that reason would not be barred by nonjoinder. The court also found there was

substantial acrimony and discord between Donald and Shirley which could hinder their tort claims if they were allowed to proceed jointly. We conclude the *Butz* decision is dispositive of this appeal and requires a grant of Shirley's motion to intervene.

This Court held in *Butz* at 91, a deprived person's loss of consortium claim must be joined with the impaired spouse's underlying tort claim or be forever barred, absent a compelling reason for non-joinder. The requirements of precluding double recovery, reducing litigation expenses, docket control, and judicial economy underlie the decision requiring compulsory joinder of consortium claims. To avoid a harsh and unfair application of our ruling, this Court said only claims accruing on or after the date of the filing of the *Butz* opinion would be barred for non-joinder. *Butz* at 91. Technically, therefore, Shirley's claim would not be barred for non-joinder, because it accrued prior to the *Butz* decision. However, the *Butz* rationale requiring joinder of consortium claims, if possible, applies here and mandates the trial court to allow joinder of the claims as a matter of right, absent a compelling reason for non-joinder. There is no compelling reason presented here to not apply the *Butz* requirement for joinder of consortium claims. Donald and Shirley have parallel interests in seeking damages resulting from Donald's accident. Adverse conduct stemming from acrimony or discord between them can be significantly curtailed by the court in its control of the courtroom during the proceedings. Therefore, we conclude the trial court committed reversible error in denying Shirley's motion to intervene.

## IV

We reverse and remand for further proceedings, instructing the court to make Shirley a party plaintiff in Donald's tort action.

NEUMANN and MESCHKE, JJ., and JOHN T. PAULSON, District Judge, concur.

JOHN T. PAULSON, District Judge, sitting in place of LEVINE, J., disqualified.

VANDE WALLE, Chief Justice, concurring in result.

I concur in the result reached by the majority. Our recent decisions hold that there is a two-step process to an appeal, i.e., that the order or judgment must be appealable under section 28–27–02, N.D.C.C., *and* that the requirements of Rule 54(b), N.D.R.Civ.P., if applicable, be met. *E.g., B.H. v. K.D.,* 506 N.W.2d 368 (N.D.1993).

Shirley Wyatt was not a party to the action and therefore the second step, compliance with Rule 54(b), is not applicable. Because I am not convinced Shirley Wyatt could appeal from a final judgment to which she was not a party, I agree with the "special proceedings" analogy of the majority.

Although the majority orders the trial court to allow Shirley to intervene, I note the trial court is free to order a separate trial "to prevent delay or prejudice" in accord with Rule 20(b), N.D.R.Civ.P., or "in furtherance of convenience or to avoid prejudice" under Rule 42(b), N.D.R.Civ.P.

Here, the trial court refused the motion to intervene because, among other reasons, "there was acrimony and substantial discord between the Wyatt's [sic] during the previous divorce litigation that has not dissipated" and that "judicial economy would be compromised if Shirley Wyatt was allowed to intervene in Donald Wyatt's civil litigation against R.D. Werner and Ardell Adams." The court further concluded that "the joinder would cause harm and perhaps destruction of the respective party's claims."

These reasons appear ample reasons to order separate trials under the authority given the trial judge by Rules 20(b) and 42(b).